HORMEL ESTATE *v.* HARRIS.

1. AUTOMOBILES—MOTORCYCLES—PROXIMATE CAUSE—SPECIAL QUES-
  TIONS.
    The jury's negative answer to ·special question as to whether motorcyclist had travelled "southeasterly  *  *  *  for approximately 50 to 70 feet prior to the accident, as claimed by him," constituted a rejection of theory of plaintiff, administratrix of estate of passenger on the motorcycle, of where and how the collision occurred, and was not merely in conflict with the motorcyclist's own testimony that he had gone "about 70 feet" after turning southeasterly on the highway in his proper lane before colliding with ·defendants' car, where other testimony and pleadings for plaintiff placed the distance at from 50 to 60 feet and, because there were no proofs to support any other alternative, an acceptance of defendants' theory of where and how the accident occurred.

2. TRIAL—PLEADING—EVIDENCE—THEORY OF CASE—COURT RULE.
    A plaintiff must allege and prove the theory of the case and a jury may not return a verdict for the plaintiff on some different theory than that advanced by plaintiff, since to do so would subvert the court-rule requirement that the plain-

REFERENCES FOR POINTS IN HEADNOTES
[2] 41 Am Jur, Pleading § 370; 53 Am Jur, Trial § 1048.  .
[3] 53 Am Jur, Trial § 1083.

tiff plead the facts on which he relies and thereby inform
the defendant of the nature of the cause he is called upon
to defend (Court Rule No 17 [1945]).

3. SAME—GENERAL VERDICT—INCONSISTENT SPECIAL FINDING.
    A plaintiff's case fails and a general verdict for plaintiff must
    yield to a special finding inconsistent with plaintiff's theory
    of the case (CL 1948, § 618.39).

Appeal from Tuscola; Quinn (Timothy C.), J.
Submitted January 10, 1957. (Docket No. 35, Cal-
endar No. 46,967.) Decided April 22, 1957. Rehear-
ing denied June 10, 1957.

Case by Estate of Viola Berlin Hormel, deceased,
by Rosetta Seabright, administratrix, against Lloyd
M. Harris and Vida M. Harris under the death act
for damages resulting from collision between motor-
cycle and automobile. Judgment for defendant not-
withstanding verdict. Plaintiff appeals. Affirmed.

*Nash & Nash* (*W. J. Nash,* of counsel), and *Peter
F. Cicinelli,* for plaintiff.

*Heilman & Purcell,* for defendant.

DETHMERS, C. J. Suit is for damages allowable
under the wrongful death act for death of plaintiff's
decedent allegedly due to defendants' negligence.
The jury returned a general verdict for plaintiff and
an answer to a special question which the trial court
considered to be inconsistent therewith. From its
entry of judgment for defendants *non obstante
veredicto,* plaintiff appeals.

Decedent was a passenger on a motorcycle driven
by her brother, who testified that he drove it from a
parking lot along a driveway approaching, at right
angles and from the northeast, a paved, 2-lane high-
way which, at that point, ran northwesterly and
southeasterly; that he stopped the motorcycle 2 feet
from the near, or northeast, edge of the highway,

looked to his right (northwesterly) and saw no cars coming, then looked to his left (southeasterly) and saw defendants' car approaching at a point about 400 feet distant, at a rate of speed of about 50 miles per hour; that he figured he had plenty of time to enter the highway, cross the near (NE) half of the pavement in front of defendants' approaching car and get over onto the far (SW) half of the pavement and, accordingly, proceeded to do so; that after he had safely reached the center of the far (SW) half of the pavement he turned left (SE), at which time he saw defendants' car still approaching at about 50 miles per hour and 200 feet distant, with its right front wheel off its right (NE) edge of the pavement; that defendants' car travelled in that fashion for another 100 feet and just about the time when it got to him, about 40 feet away, it suddenly swerved to its left, toward him, entered his lane and struck his motorcycle, causing decedent fatal injuries. He further testified that after reaching the center of the far (SW) lane and turning to his left (SE), he had proceeded down the highway in a southeasterly direction in that lane (which was his own right-hand lane) for "about 70 feet" before the collision occurred. Plaintiff's declaration alleges, with respect to the distance thus travelled in a southeasterly direction before the collision, that it was "about 60 feet;" a witness for plaintiff testified once that it was "about 60 feet" and another time that it was "approximately 50 to 60 feet." The above embodies plaintiff's theory, as alleged in the declaration and urged in the proofs, as to how and where the collision occurred.

The theory and claim of the defense was that defendants' automobile was proceeding northwesterly in a lawful manner on its own right-hand (NE) side of the highway and when it was approximately 30 feet distant the motorcycle suddenly pulled out from

the driveway on the right and onto the highway directly in front of defendants' car, thus confronting defendants with a sudden emergency, making an accident unavoidable and causing defendant driver to apply his brakes and swerve to the left in an effort to avoid the accident; that while the motorcycle was in the act of crossing the first or northeast lane of the highway and had not turned left nor proceeded down the highway in a southeasterly direction in the southwest lane as claimed by plaintiff, it struck defendants' automobile about 1-1/2 feet behind the front of its right front fender; that the collision occurred directly opposite the driveway from which the motorcycle had emerged.

The special question submitted to the jury was:

"After Mr. Berlin (driver of motorcycle) came out of the parking lot, did he travel southeasterly on highway M-15 for approximately 50 to 70 feet prior to the accident, as claimed by him?"

The jury answered the question "No." In seeking to avoid defendants' contention and the trial court's view that the jury's answer to the special question is inconsistent with its general verdict, plaintiff points out that, by the language of the question, the jury was asked whether it found that the motorcycle had travelled southeasterly down the highway for approximately 50 to 70 feet prior to the accident *as claimed by* its driver, whereas his testimony was that he had travelled "about 70 feet." Plaintiff says the jury could not have answered "Yes," because that would have amounted to answering that the motorcycle driver had claimed to have gone "50 to 70 feet," whereas the jury must have remembered that his testimony was that he had gone "about 70 feet." This we think is idle. As before stated, plaintiff's declaration made it "about 60 feet," plaintiff's driver "about 70 feet" and plaintiff's witness at one time "about 60

feet" and another "approximately 50 to 60 feet." The language of the question was broad enough to cover the 4 versions advanced for plaintiff, which were not in substantial conflict with each other. The jury could not possibly have thought that a "Yes" answer to the "approximately 50 to 70 feet" question would be in such conflict with plaintiff driver's "about 70 feet" testimony as to necessitate a "No" answer merely on that account. Clearly, the jury's "No" constituted a rejection of plaintiff's theory and, because there were no proofs to support any other alternative, an acceptance of defendants' theory of where and how the collision occurred.

Plaintiff must allege and prove its theory of the case, the claimed negligent acts of defendants and the manner in which it claims that the accident occurred. The jury may not return a verdict for plaintiff on some different theory than that advanced by plaintiff. Otherwise the purpose of requiring a plaintiff to plead the facts on which he relies (Michigan Court Rule No 17 [1945]) and set forth in his declaration such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend (Michigan Court Rule No 19 [1945]) and to support them with competent evidence is completely subverted and litigation reduced to a game of chance. If the jury's answer to a special question is inconsistent with and rejects plaintiff's theory, plaintiff's case fails and a general verdict in its favor must yield to the inconsistent special finding. CL 1948, § 618.39 (Stat Ann § 27.-1019); *Hartley* v. *A. I. Rodd Lumber Co.*, 282 Mich 652, and cases therein cited. See, also, *Thorsen* v. *Babcock*, 68 Mich 523. A finding of fact, in response to the question, consistent with plaintiff's theory would have supported a verdict for plaintiff. Under the pleadings and proofs in this case, if the accident happened as claimed by defendants (as the jury must

have found), they were not liable. Under those pleadings and proofs it is of no help to plaintiff to urge, and plaintiff does not urge, that defendants could be liable even though the accident had happened where and as they claimed on that theory that they were guilty of some other or different negligence than that alleged and urged in the proofs by plaintiff. Plaintiff must stand or fall on its pleadings, proofs and theory of the case presented thereby. The jury's answer to the special question amounted to a rejection thereof and, accordingly, the general verdict for plaintiff, being inconsistent with the special finding, must yield thereto.

Affirmed, with costs to defendants.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.