DRANE, Plaintiff in error, v. STATE, Defendant in error.

*November 5—November 30, 1965.*

210

For the plaintiff in error there was a brief and oral argument by *Henry L. Hillard* of Milwaukee.

For the defendant in error the cause was argued by *Richard B. Surges*, assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette*, attorney general, and *Hugh R. O'Connell*, district attorney.

WILKIE, J. The sole question presented is whether there is sufficient evidence to support the court in finding defendant guilty of second-degree murder. Defendant does not deny shooting Williams. He argues that since there was evidence that Williams threatened him and advanced toward him with a knife, he was guilty, at best, of manslaughter pursuant to sec. 940.05 (1), (2), or (4), Stats.[1] In essence, defendant contends that

[1] "940.05 MANSLAUGHTER. Whoever causes the death of another human being under any of the following circumstances may be imprisoned not more than 10 years:

"(1) Without intent to kill and while in the heat of passion; or

"(2) Unnecessarily, in the exercise of his privilege of self-defense or defense of others or the privilege to prevent or terminate the commission of a felony; or

Williams just turned on him and this constituted "reasonable, adequate provocation" [2] within the "heat of passion" requirement of sec. 940.05 (1). Or in the alternative, defendant contends that his own testimony, corroborated by Mrs. Metcalfe, that Williams advanced with a knife in his hand, and the statements of Mrs. Metcalfe and Hodnett that Williams had warned defendant to quit bothering his wife, is a sufficient showing of "self-defense" as contemplated by sec. 940.05 (2).

However, there was ample evidence in the record that defendant himself had instigated the fracas by his use of crude language and his threat to Williams and that Williams did not have a knife. The case turns entirely on the credibility of the witnesses and the weight to be given to their testimony. Inasmuch as this determination is a function lying peculiarly within the province of the trier of fact,[3] the trial court could have disregarded the testimony of Hodnett, defendant, and Mrs. Metcalfe, even assuming, but not deciding, that this evidence was sufficient to have actually shown "heat of passion" and/or "self-defense" if believed. On this record it cannot be said that the evidence supporting the second-degree

"...
"(4) Because the pressure of natural physical forces causes such person reasonably to believe that his act is the only means of preventing imminent public disaster or imminent death to himself or another."

The complete absence of "natural physical forces" renders sec. 940.05 (4), Stats., inapplicable in this case under any view of the evidence. See Comment to sec. 339.47, Stats., Wisconsin Legislative Council, 1953 Report, Vol. V, Criminal Code.

[2] *Brook v. State* (1963), 21 Wis. (2d) 32, 42, 123 N. W. (2d) 535; *Zenou v. State* (1958), 4 Wis. (2d) 655, 666, 91 N. W. (2d) 208.

[3] *Gauthier v. State* (1965), 28 Wis. (2d) 412, 137 N. W. (2d) 101; *Brown v. State* (1965), 28 Wis. (2d) 383, 137 N. W. (2d) 53; *Hemmis v. State* (1964), 24 Wis. (2d) 346, 129 N. W. (2d) 209.

murder conviction [4] is "inherently or patently incredible" [5] as a matter of law.

*By the Court.*—Judgment affirmed.

---

[4] "940.02 SECOND-DEGREE MURDER. Whoever causes the death of another human being by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, may be imprisoned not less than 5 nor more than 25 years." This is first-degree murder without the intent to kill. *Brook v. State, supra,* footnote 2; *Zenou v. State, supra,* footnote 2.

[5] *Gauthier v. State, supra,* footnote 3, 137 N. W. (2d) at page 104.