HALL *v.* IOSCO COUNTY BOARD OF ROAD COMMISSIONERS.

1. APPEAL AND ERROR—DEATH—PRESUMPTION OF DUE CARE—EYE-WITNESSES—NEGLIGENCE.

   Court of Appeals will not reverse on ground that defendant did not introduce credible admissible evidence to rebut presumption of due care on part of decedent, where there were no eye-witnesses to accident causing his death, jury returned general verdict and made no special findings, and evidence in record raised question of fact as to defendant's negligence.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INTOXICATING LIQUORS—EVIDENCE—PLEADING—PREJUDICE.

   Admission of evidence of blood alcohol content much greater than that accounted for by 2 bottles of beer *held*, prejudicial error, even though plaintiff's witness had testified on direct and cross-examination, that decedent had consumed two bottles of beer, where answer did not raise the question of decedent's sobriety.

3. WITNESSES—IMPEACHMENT—COLLATERAL MATTER.

   Witness may not be impeached on collateral matter.

4. SAME—COLLATERAL MATTER.

   Collateral matter is determined by the issues in the case and whether direct evidence to establish it could be introduced.

5. PLEADINGS—NOTICE OF CLAIM OR DEFENSE.

   Essential requirement of pleading is to give the other party reasonable notice of the claim or defense.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 948; 38 Am Jur, Negligence §§ 286, 332, 336, 337, 372.
[2] 38 Am Jur, Negligence §§ 322, 331.
   20 Am Jur, Evidence § 262.
[3] 58 Am Jur, Witnesses § 783.
[4] 58 Am Jur, Witnesses § 785.
   20 Am Jur, Evidence § 248.
[5, 6] 41 Am Jur, Pleading § 3.
[7] 53 Am Jur, Trial §§ 828–830, 833.

6. SAME—DISCLOSURE OF CLAIM—TRIAL.

    Pleading is intended for the intelligible disclosure of the real nature of the respective claims of the parties, who must stand or fall on their pleadings, proofs, and theory of case presented thereby.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—INSTRUCTIONS—OBJECTIONS.

    Asserted error in instruction on intoxication of plaintiff's decedent will not be considered on appeal, where there was a failure to comply with court rule requiring statement of specific grounds for a given objection to instruction before the jury retired to consider the verdict (GCR 1963, 516.2).

Appeal from Arenac; O'Keefe (Dennis J.), J. Submitted Division 3 December 7, 1965, at Grand Rapids. (Docket No. 610.) Decided March 22, 1966.

Complaint by Augusta O. Hall, special administratrix of the estate of Hilmer J. Hall, against the Iosco County Board of Road Commissioners for damages from decedent's wrongful death when he was struck by defendant's earth moving equipment. Verdict and judgment for defendant. Plaintiff's motion for judgment *non obstante veredicto* or, in the alternative, new trial denied. Plaintiff appeals. Reversed and remanded.

*Edwin W. Koepke* (*Merritt R. Jones*, of counsel), for plaintiff.

*H. Read Smith* (*John R. Watkins*, of counsel), for defendant.

T. G. KAVANAGH, J. Plaintiff's decedent was run over by defendant's road grader on July 1, 1961. Suit for damages was brought under the wrongful

death statute* and tried before a jury which returned a verdict of no cause of action.

Plaintiff's motion for judgment *non obstante veredicto* was denied by the trial court, and the plaintiff's appeal of that order asserts the following errors:

1. The defendant did not introduce any credible admissible evidence to rebut the presumption of due care on the part of plaintiff's decedent which attaches in a case where there are no eyewitnesses to the accident.

2. The court erred in allowing defendant to introduce testimony regarding the blood alcohol content in deceased's body so as to prove intoxication although intoxication was not pleaded as a defense.

3. The court erred in charging the jury on decedent's theorized intoxication.

The first allegation of error is based in part upon the assumption that the jury found the plaintiff's decedent guilty of contributory negligence.

The jury returned a general verdict and made no special finding, and accordingly from the record before us, we'll never know whether appellant's assumption is correct or whether the jury found no negligence on the part of defendant.

Our examination of the record satisfied us that there was a question of the defendant's negligence raised by the evidence and that there was no circumstance requiring a directed verdict in plaintiff's favor. Thus the matter was properly submitted to the jury. We find no merit in the first assertion of error.

The second issue, however, has considerable merit. The pleadings framed the issue of defendant's negligence by virtue of the careless operation of the grader and the affirmative defense of contributory

* CL 1948, § 691.581 *et seq.* (Stat Ann and Stat Ann 1959 Cum Supp § 27.711 *et seq.*).—REPORTER.

negligence by virtue of decedent's asserted voluntary exposure to conspicuous dangers. There was no issue raised by the pleadings about decedent's intoxication. One of plaintiff's witnesses, however, testified on direct examination that decedent had drunk one bottle of beer shortly before the accident and on cross-examination stated he had drunk two bottles.

The defense was permitted to introduce testimony of a pathologist over plaintiff's timely objection, to the effect that his examination indicated a blood content of alcohol much too great to be accounted for by two bottles of beer.

The trial court ruled that in view of the testimony of plaintiff's witness that deceased had two bottles of beer, that the defendant should be allowed to introduce the pathologist's findings by way of impeachment. We think this was error.

A witness may not be impeached on a collateral issue. *Mills* v. *Warner* (1911), 167 Mich 619; *People* v. *Cutler* (1917), 197 Mich 6, 13; *Kingston* v. *Fort Wayne & E. R. Co.* (1897), 112 Mich 40.

Whether a matter is collateral or not depends upon whether direct evidence to establish it could be introduced. See *Shannon* v. *Township of Jamestown* (1930), 251 Mich 597. There the court says on page 599, "What is a collateral matter depends upon the issue in the case."

The issue of decedent's intoxication was not raised by defendant's pleadings and hence, the admission of evidence to establish it is prejudicial error. *Scott* v. *Cleveland* (1960), 360 Mich 322, at page 330:

"This court has frequently considered the proper role of pleadings in today's practice, particularly in the light of present pretrial conference procedures. In *Manley, Bennett & Co.* v. *Woodhams*, 349

Mich 586, the Court said, at p 592: 'The essential requirement of pleading came to be recognized as nothing more complicated than giving the other party reasonable notice of the claim or defense. As Sunderland [14 Mich L Rev 551, 553] puts it, "The purpose of pleading has ceased to be the exemplification of the subtleties of pleader's logic and has become the intelligible disclosure of the real nature of the respective claims of the parties." ' "

What is said in the case of *Hormel Estate* v. *Harris* (1957), 348 Mich 201, at page 206: "Plaintiff must stand or fall on its pleadings, proofs, and theory of the case presented thereby," applies as well to the defendant.

In view of the foregoing, the third allegation of error regarding the trial court's charge to the jury has no significance.

It might be helpful to note however that the record does not show compliance with the provisions of GCR 1963, 516.2. This would preclude our consideration of the error asserted in the instruction.

The judgment of the court below is set aside and the case remanded for a new trial. Appellant may tax his costs.

FITZGERALD, P. J., and HOLBROOK, J., concurred.