TOBAR, Plaintiff in error, v. STATE, Defendant in error.

*October 5—November 1, 1966.*

For the plaintiff in error there was a brief and oral argument by *Milton M. Cohn* of Milwaukee.

For the defendant in error the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

HANLEY, J.   Two issues are raised on this review:

(1) Was the evidence presented at the trial sufficient to prove defendant's guilt beyond a reasonable doubt?

(2) Was evidence seized in the search made twenty-two hours subsequent to the specific offense charged relevant to the issues and admissible in rebuttal?

*Sufficiency of Evidence.*

The test employed in assessing the sufficiency of the evidence was most recently stated in *Lock v. State* (1966), 31 Wis. (2d) 110, 114, 142 N. W. (2d) 183:

"We have said many times that when the question of the sufficiency of the evidence is presented on appeal in a criminal case the only question for this court is whether the evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendants' guilt beyond a reasonable doubt. *State v. Johnson* (1960), 11 Wis. (2d) 130, 137, 104 N. W. (2d) 379; *State v. John* (1960), 11 Wis. (2d) 1, 103 N. W. (2d) 304; *Parke v. State* (1931), 204 Wis. 443, 235 N. W. 775; *State v. Stevens* (1965), 26 Wis. (2d) 451, 132 N. W. (2d) 502. This ultimate test is the same whether the trier of the facts is a court or a jury. *State v. Waters* (1965), 28 Wis. (2d) 148, 135 N. W. (2d) 768; *Gauthier v. State* (1965), 28 Wis. (2d) 412, 137 N. W. (2d) 101. Invariably the briefs and arguments on this issue point to what the trier of the facts could have found or what this court should determine. The test is not whether this court is convinced of the guilt of the defendant beyond a reasonable doubt but whether this court can conclude the trier of the facts could, acting reasonably, be convinced to the required degree of certitude by the evidence which it had a right to believe and accept as true."

In the case at bar the state presented evidence from one Ullenberg that he had purchased heroin from the defendant at the time and place alleged. The defendant denied the sale. It is clear the evidence was in conflict, and the substantial issue in the case was the credibility of the witnesses.

The function of an appellate court in assessing credibility of witnesses was declared in *State v. Cohen* (1966), 31 Wis. (2d) 97, 106, 142 N. W. (2d) 161:

"The appraisal of the relative credibility of the several witnesses was a proper function of the trial court and one which this court finds no basis for upsetting.

*Drane v. State* (1965), 29 Wis. (2d) 208, 211, 138 N. W. (2d) 273; *Gauthier v. State* (1965), 28 Wis. (2d )412, 417, 137 N. W. (2d) 101."

The appellate court is not a place to reargue questions of credibility. See *United States v. Kelly* (2d Cir. 1965), 349 Fed. (2d) 720, 766, and *State v. Freeman* (1965), 195 Kan. 561, 408 Pac. (2d) 612.

The defendant in challenging the credibility of the state's witness Ullenberg argues that since he was a narcotic addict his testimony should be rendered incompetent as a matter of law. It is well settled that a narcotic addict is competent to testify although his use of narcotics is a proper consideration concerning the weight to be given his testimony. See Anno. 52 A. L. R. (2d) 848, 859, Use of drugs as affecting competency or credibility of witness; *People v. Romero* (1964), 54 Ill. App. (2d) 184, 203 N. E. (2d) 635, 638; *Commonwealth v. Aikens* (1955), 179 Pa. Super. 501, 118 Atl. (2d) 205, 208; *Brown v. United States* (9th Cir. 1955), 222 Fed. (2d) 293.

The precise issue raised by the defendant in the instant case was considered in the *Aikens Case, supra.* The court concluded that the uncorroborated testimony of a drug addict was sufficient to support a conviction for the unlawful sale of drugs.

In *Sparkman v. State* (1965), 27 Wis. (2d) 92, 95, 133 N. W. (2d) 776, this court held:

"The uncorroborated testimony of an accomplice is, however, competent evidence upon which to base a verdict of guilty if it is of such a nature that it is entitled to belief and the jury believes it."

The defendant also contends that Ullenberg had an ulterior motive in testifying against the defendant Tobar, namely, to have defendant convicted so that he might have access to the witness Mary Silva.

This contention is based on the fact that Mary Silva testified that Ullenberg had propositioned her on several occasions prior to March 12, 1965, and that on the night of the alleged sale he tried to proposition her again and then left the premises within ten minutes. The witness Ullenberg specifically denied the accusation made by Mary Silva.

It may have been difficult for the jury to believe that Mary Silva would readily admit Ullenberg into her home at 1:45 a. m. in view of his alleged prior propositioning. The jury could have reasonably concluded that the defendant Tobar was present when Ullenberg was admitted and that the accusations made against Ullenberg were fabricated to discredit his testimony in the eyes of the jury.

We believe that the issue is not competency but credibility, and the jury could, after rational deliberation, come to the conclusion that Tobar had made the sale of narcotics.

### Alleged Improper Evidence.

In rebuttal to the defense the state presented evidence that some twenty-two hours subsequent to the offense charged police officers conducted a search of the premises in question pursuant to a search warrant and that at the time of the search the defendant was found on the premises as was also contraband in the nature of narcotics and paraphernalia used for the injection thereof.

In its case in chief the state presented testimony from two witnesses only. The direct examination of these witnesses made no reference to a search warrant for the premises in question or the search thereof but was directed only to the time and circumstances of the alleged sale. However, the defense counsel in the cross-examination of two of the state's witnesses explored in some detail whether or not a search warrant for the premises had been obtained and the circumstances thereof.

Such cross-examination on the part of the defense counsel to establish a fact of the issuance of the search warrant could serve but one purpose, and that was to leave an inference with the jury that a search of the premises at 708–A South Seventh street was fruitless. We think the state was entitled to offer evidence in rebuttal to such inference.

It is well settled that the degree and manner of cross-examination is a matter within the discretion of the trial judge. *O'Connor v. State* (1966), 31 Wis. (2d) 684, 143 N. W. (2d) 489; *Nehls v. Nehls* (1963), 21 Wis. (2d) 231, 238, 124 N. W. (2d) 18.

What issues are covered in direct examination and therefore "within its scope" for purposes of cross-examination are governed by and dependent upon the quantitative and not the semantic precision of questions and answers on direct examination. *Iva Ikuko Toguri D'Aquino v. United States* (9th Cir. 1951), 192 Fed. (2d) 338, 370, and *State ex rel. Burns v. Vernon* (1965), 26 Wis. (2d) 563, 568, 133 N. W. (2d) 292.

Defendant contends the evidence is inadmissible as impeachment on a collateral issue. What is collateral within the meaning of the rule that a witness may not be impeached on collaterial issues depends upon the issues in the particular case. *Hall v. Iosco County Board of Road Commissioners* (1966), 2 Mich. App. 511, 140 N. W. (2d) 761; *Flande v. Brazel* (1963), 236 Or. 156, 386 Pac. (2d) 920; and *Hyland v. Millers National Ins. Co.* (1932), 58 Fed. (2d) 1003, 1010.

The trial court in the exercise of its discretion obviously concluded that the collateral matters gone into were relevant to the issue and therefore admissible.

The trial court stated:

"It is true that the only issue in the case is whether or not a single transaction took place, but the availability of what is to be sold becomes important because of the issue which is raised.

"Now, the defendant has taken the stand and he has denied that there was a store and he denies that he was the storekeeper. It becomes relevant and material whether or not there was a store in which such transactions took place. He is not charged with keeping a store, he is not charged with being a person who has these things available—he is charged solely with a single transaction —yet it is relevant and material whether or not there was available to him the facilities out of which a transaction such as was described by the eye witness could take place."

We conclude the evidence offered in rebuttal was properly admissible for the purposes of impeachment and that the conviction and sentence must be upheld.

*By the Court.*—Judgment affirmed.