(No. 42199.— )
THE PEOPLE *ex rel.* Arthur Fillmore Jefferson, Appellant, *vs.* ELZA BRANTLEY, Warden, Appellee.

*Opinion filed November 26, 1969.*

ARTHUR FILLMORE JEFFERSON, *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal in a *habeas corpus* proceeding. On March 2, 1966, the relator, Arthur Fillmore Jefferson, was convicted of burglary and sentenced to the Illinois State Penitentiary for a term of not less than two nor more than ten years. He was subsequently paroled, and on February 20, 1968, was returned to Menard Penitentiary pursuant to an arrest warrant issued by the warden of the penitentiary charging him with a parole violation. In April, 1968, a hearing was held by the Parole and Pardon Board wherein Jefferson was declared a violator of his parole as of February 4, 1968, and his case for further parole was continued until March, 1969. On that date he was denied parole and the case again continued to March, 1970. Thereafter, Jefferson filed a petition for a writ of *habeas corpus* in the circuit court of Randolph County. The petition was denied and this appeal followed.

Relator contends (1) that the Parole and Pardon Board exceeded its jurisdiction in continuing his case for more than nine months; (2) the arrest warrant was issued without probable cause; and (3) he was denied due process because he did not have a hearing to determine whether he was a violator.

Section 123—1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 123—1) in part provides: "The Parole and Pardon Board within the Department of Public Safety shall be the paroling authority * * * and shall make regulations not inconsistent with law governing the issuance, supervision and revocation of parole of persons in the custody of the Department of Public Safety." Rule 12 of the Rules and Regulations of the Parole and Pardon Board provides that if the board determines that a prisoner is not a fit person to serve his sentence outside the penitentiary, a parole shall be denied and such further order entered as in the judgment of the members is deemed warranted. At hearings of the board in April, 1968, and March, 1969, parole was denied and further order was entered to continue the matter for one year. There is nothing in the statute or rules which would disallow a continuance for more than nine months. Therefore the one-year continuance was not improper.

Relator's next two contentions involve constitutional issues. It is argued that the warrant under which he was retaken was issued without probable cause in violation of the fourth amendment to the Federal constitution, and that he was denied due process because he did not have a hearing on the question of whether he violated his parole. To resolve these questions, the legal status of a parolee must first be determined. It has been held that until final discharge a prisoner during parole should be considered in the legal custody of the officers of the Department of Public Safety (*People ex rel. Richardson* v. *Ragen*, 400 Ill. 191, *People ex rel. Castle* v. *Spivey*, 10 Ill.2d 586). The State has jurisdiction over the relator until he has served the maximum term of his sentence or until the sentence has been terminated according to law.

The warrant for Jefferson's arrest was issued and certified to by the warden pursuant to section 7(g) of the Sentence and Parole Act (Ill. Rev. Stat. 1967, ch. 108, par.

204(g),) but was not supported by a complaint setting forth probable cause. The warrant initiated an administrative proceeding to determine whether parole had been violated, and in no way deprived a free citizen of his right to liberty. It therefore did not have to meet the "probable cause" requirements of the fourth amendment.

Finally, the record conclusively establishes that Jefferson was given an administrative hearing by the Parole and Pardon Board under Rule 21 (Rules and Regulations of the Parole and Pardon Board) which provides for parole violation procedures. The court in *People ex rel. Joyce* v. *Strassheim*, 242 Ill. 359, 367, found that "Upon the arrest of the relator he was not to be confined for a term beyond his original sentence, and no judicial proceeding was necessary to constitute due process of law for his confinement for the whole term." Even though relator's hearing was not judicial in nature, it did operate to protect him from arbitrary action on the part of the warden. The arrest, hearing and continuance are in compliance with the authority granted to the Parole and Pardon Board by the legislature. Finding no constitutional repugnance, it is not within our judicial power to disturb the parole procedures.

We have repeatedly held that a court has jurisdiction in *habeas corpus* proceedings only when the original judgment of conviction was void, or where something has happened since its rendition to entitle the prisoner to release. (*People ex rel. Castle* v. *Spivey*, 10 Ill.2d 586; *People ex rel. Williams* v. *Robinson*, 404 Ill. 338; *People ex rel. Barrett* v. *Sbarbaro*, 386 Ill. 581.) Because neither of these elements is present, and relator's maximum term has not expired or been lawfully terminated, the petition for a writ of *habeas corpus* was rightfully denied for lack of jurisdiction.

For the foregoing reasons the judgment of the circuit court of Randolph County is affirmed.

*Judgment affirmed.*