THE PEOPLE *ex rel.* RICHARD RICHESON, Petitioner-Appellant, *v.* JOHN J. TWOMEY, Warden, Illinois State Penitentiary, Respondent-Appellee.

(No. 71-193; ▊▊▊▊▊▊▊▊

Third District—April 18, 1972.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Louis R. Bertani, State's Attorney, of Joliet, for the People.

PER CURIAM:

A motion to withdraw has been filed in the instant case by Bruce Stratton of the Illinois Defender Project as successor to Theodore A. Gottfried, District Defender of the Illinois Defender Project, who had been appointed as counsel for defendant. Such motion and the record indicate that the petitioner filed a *pro se* petition for a writ of *habeas corpus* in the Circuit Court of Will County. The petition was dismissed on May 28, 1971, for failure to allege facts entitling defendant Richard Richeson to relief. Appointed counsel in this Court indicates that after careful examination of the record in the case, counsel has concluded that an appeal could not possibly be successful and would be wholly frivolous in this cause. We have, therefore, examined the record completely in this cause.

The record indicates that Richard Richeson filed his *pro se* petition to which we have referred on February 28, 1971, and on May 28, 1971, following the State's motion to dismiss, such motion was allowed for the reason that the petition failed to state any proper allegation upon which relief could be granted. Petitioner had relied on the Illinois Habeas Corpus Act Ill. Rev. Stat. 1971, ch. 65, par. 22, subparagraph 2) in which the language is to the following effect:

"If it appears that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes: * * *."

The language which follows includes as a cause, "Where, though the original imprisonment was lawful, yet, by some act, omission or event which has subsequently taken place, the party has become entitled to his discharge." Defendant had contended that under this clause he was entitled to be discharged.

The record shows that defendant was convicted of burglary in Effingham County on March 6, 1959, and sentenced to a term of not less than 12 nor more than 40 years. He was paroled on October 15, 1963, and at that time he executed a Waiver of Extradition form. Thereafter, on September 30, 1964, defendant Richeson was declared to be a Parole Violator. He was arrested in Kansas by Federal authorities on an Unlawful Flight Warrant from the Southern District of Florida and at that time Illinois filed a Violators Warrant. Defendant waived a removal

hearing before the U.S. Commissioners in Kansas and was transferred to the Kansas State authorities. He was then removed to Florida, and after standing trial there, was returned to Illinois law as a parole violator.

The essence of defendant's contention is since Illinois did not intervene and prohibit his extradition to Florida, that Illinois lost jurisdiction over him and now has no authority to detain him as a parole violator. He cites in support of such contention, among other authorities. (*People v. Bartley*, 383 Ill. 437.) That case in effect held that when a prisoner who was serving a sentence in Illinois is extradited as a fugitive from justice and delivered to another State, without condition or parole, jurisdiction over him is waived. The precedent would not be applicable to aid defendant in the instant case since defendant was a parolee, and Illinois had nothing to do with the steps whereby defendant was turned over to Florida authorities. In addition thereto, defendant had executed a Waiver of Extradition form permitting such removal. He thereby agreed to waive the right to extradition proceedings if he was found to be a defaulter in any State in the Union.

■■ The cases indicate that irrespective of intervening circumstances, Illinois would still maintain jurisdiction while Richeson was on parole. The Supreme Court of this State has declared that until final discharge a prisoner during parole is considered in legal custody of the officers of the Department of Corrections. (*People ex rel. Richardson v. Ragen*, 400 Ill. 191, 79 N.E.2d 479; *People ex rel. Castle v. Spivey*, 10 Ill.2d 586, 141 N.E.2d 321.) It was indicated in the Supreme Court of this State that Illinois has jurisdiction over the defendant until he has served the maximum term of his sentence or until the sentence has been terminated by law. *People ex rel. Jefferson v. Brantley*, 44 Ill.2d 31, 253 N.E.2d 378.

■■ It is, therefore, apparent that since defendant Richeson admits that he was on parole from Illinois at the time of his removal from Kansas to Florida, Illinois did continue to have jurisdiction over him and that the State of Illinois did nothing to waive that jurisdiction.

Upon complete examination of the record, therefore, we find that the order of the Circuit Court of Will County should be affirmed and that there has been adequate compliance with *Anders v. California*, 386 U.S. 738. The judgment of the Circuit Court of Will County is, therefore, affirmed.

We have previously entered an order in this cause authorizing the withdrawal of appointed counsel pursuant to motion to withdraw.

Judgment affirmed.