THE PEOPLE ex rel. EDWARD MORGAN, Relator-Appellant, v. JOHN J. TWOMEY, Warden, Illinois State Penitentiary at Joliet, Respondent-Appellee.

(No. 56727;

First District (2nd Division)—January 23, 1973.

James J. Doherty, Public Defender, of Chicago, for appellant.

PER CURIAM:

The defendant was originally charged with the crime of armed robbery. Upon his plea of guilty, he was sentenced to a term of one year to life in the Illinois State Penitentiary. The conviction was not appealed. On June 16, 1971 the defendant filed a *pro se* petition for a writ of *habeas corpus*. The public defender was appointed to represent the defendant. The trial court dismissed the petition.

The defendant wished to appeal the dismissal of his petition, and the public defender was appointed to represent him, but after examining the case, the public defender filed a petition in this court for leave to withdraw as appellate counsel. Pursuant to the requirements set out in *Anders v. California*, 386 U.S. 738, a brief in support of the petition has also been filed. That brief states in effect that an appeal in this case would be wholly frivolous. This court notified the defendant of the pending petition and granted him leave to file additional arguments. The defendant has replied.

The petition and brief of the public defender allege that the only available ground for relief under our *Habeas Corpus* statute is one where the judgment was entered by a trial court which lacked jurisdiction or where something has happened since the defendant's detention which would entitle him to relief. In his petition the defendant alleged that his plea of guilty was coerced and that the trial court failed to advise him of his right to trial, the nature of his sentence or to determine if his plea was voluntary. In his reply to this court, the defendant raised the same arguments.

■■ Our review of the case has disclosed that the trial court did not err in dismissing the defendant's petition. None of the defendant's arguments question the jurisdiction of the court. *Habeas corpus* is not available to review errors of a non-jurisdictional nature. (*People ex rel. Skinner v. Randolph*, 35 Ill.2d 589, 221 N.E.2d 279; *People ex rel. Rose v. Randolph*, 33 Ill.2d 453, 211 N.E.2d 685.) The defendant's original conviction is not void and nothing has happened since its rendition to entitle the defendant to release. *People ex rel. Jefferson v. Brantley*, 44 Ill.2d 31, 253 N.E.2d 378.

Our examination of the record, as required by *Anders*, reveals no arguable error, and we have concluded that the appeal is frivolous and without merit. Accordingly, the public defender of Cook County is granted leave to withdraw as counsel for the defendant on appeal and the judgment of conviction is affirmed.

Petition allowed and judgment affirmed.