*In re* MEDICAL CENTER REHABILITATION PROJECT

CITY OF DETROIT v BARAK

1. JURY—SPECIAL VERDICT—GENERAL VERDICT—INSTRUCTIONS TO JURY—COURT RULE.

A jury may not in a proceeding in eminent domain for condemnation be instructed to find and return in writing both a *special* verdict as to date of taking and a *general* verdict as to value on that date because an inconsistent verdict may result; a court rule authorizes either a special verdict or a general verdict, *not* both (GCR 1963, 514).

2. JURY—SPECIAL VERDICT—GENERAL VERDICT—INSTRUCTIONS TO JURY—COURT RULE—EMINENT DOMAIN.

A jury verdict as to the value of property being condemned in a proceeding in eminent domain must stand alone and it cannot be mixed with special questions such as the date of taking; under proper instruction the jury can compute a final monetary figure, including interest to the date of trial, and render only a general verdict and if value is limited to uncontradicted evidence, then special questions submitted in accordance with court rule procedures can be utilized in lieu of a general verdict as to value (GCR 1963, 514).

3. JURY—SPECIAL VERDICT—GENERAL VERDICT—CONFLICT—COURT RULE.

A general verdict has to yield where there is a conflict between special questions and a general verdict both under past practice and present court rule (GCR 1963, 514).

Appeal from Recorder's Court of Detroit, Charles A. Wickens, J. Submitted Division 1 June 6, 1973, at Detroit. (Docket No. 12169.) Decided October 30, 1973.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 27 Am Jur 2d, Eminent Domain §§ 418, 505.

47 Am Jur 2d, Jury § 13.

53 Am Jur, Trial §§ 803, 804, 1006, 1007.

Petition by the City of Detroit to condemn private property owned by Bessie Barak for a development known as the Medical Center Rehabilitation Project. Judgment for plaintiff as to the taking of the property. Verdicts and judgment for defendant as to the value of the property. Defendant appeals. General verdict set aside and remanded for entry of a judgment for plaintiff consistent with the opinion of the Court of Appeals and the special verdict of the jury.

*Michael M. Glusac,* Corporation Counsel, and *Darryl F. Alexander,* Assistant Corporation Counsel, for plaintiff.

*Gellert A. Seel, P. C.,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and WALSH,* JJ.

BRONSON, P. J. This is an appeal from a proceeding in eminent domain. The defendant-condemnee has raised an apparent conflict between certain procedures for instructing the jury in condemnation cases[1] and GCR 1963, 514 which authorizes general *or* special verdicts.

The issue:

In a condemnation case, may a jury which was instructed to find and return a specific date of taking and the value of the property *on that date,* ignore the uncontroverted evidence of value for the property on the exact date so found and find a value within the range of all the evidence as to value?

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *See generally: In re Urban Renewal, Elmwood Park Project,* 376 Mich 311; 136 NW2d 896 (1965). The parties were the City of Detroit and Joseph A. Cassese. The case is commonly known as and will be hereinafter cited as the *Cassese* case.

The factual setting is not in dispute. Proceedings in eminent domain were instituted[2] by the City of Detroit to acquire property for a development known as the Medical Center Rehabilitation Project. The jury was to determine the "date of taking" and just compensation. The question of necessity was not in issue.

The City of Detroit claimed a date of taking on the day of trial in 1971. The city appraisal on that date was $1,700. Bessie Barak, the condemnee, claimed a prior date in November of 1965. The *only* evidence of value as of this prior date was an appraisal of $18,200 made by the City of Detroit. The only remaining appraisal in evidence was $5,000 in 1967. This was again by the city's expert witness. The condemnee introduced uncontroverted testimony showing a $3,687.38 net loss for out-of-pocket expenses incurred after the claimed date of taking.

The jury found the November date of taking claimed by the condemnee. The jury also found a general verdict as to value on this date of $10,335.

The relevant jury instructions were:

"[Y]ou may select that date of taking submitted by the respondent owners, or that date of taking submitted by the city on any parcel. Also, you may find a date of taking within the range of the evidence submitted to you.

* * *

"I further instruct you that in reaching a verdict you must keep within the range of the testimony submitted. You may take the lowest figure submitted to you or you may take the highest figure submitted to you on any particular parcel, or you may take any figure between these two extremes.

---

[2] The proceedings were initiated by the appellee, City of Detroit, pursuant to the provisions of its charter, acting under MCLA 125.71 *et seq.;* MSA 5.3501 *et seq.,* as amended.

\* \* \*

"On Parcel 370, owned by Mrs. Barak, the city seeks a present date of taking and the owners seek a date of November of 1965. You can find either of these dates or any date in between. The city seeks a fair market value of seventeen hundred dollars. The owner seeks a fair market value of eighteen thousand, two hundred dollars. You can award either of these sums or any sum in between.

\* \* \*

"You should work out the mathematics of your awards on tablet paper and not on the verdict roll. *The verdict roll should only reflect your date of taking, the sum to be paid and your signatures.*

\* \* \*

"And, a blank [on the verdict roll] in which you would insert the amount of compensation that is to be paid to the owner, and the date of taking.

\* \* \*

"In those cases where you may find a prior date of taking, the owners of that property are entitled to interest from the prior date of taking to the time of the award. This is not an issue to be found by the jury. It is only a mathematical computation at the interest rate which is provided by law."

The jury was thus *instructed* to find and return in writing both a special verdict as to date of taking and a *general* verdict as to value on that date. Neither party objected to these instructions. An inconsistent verdict, the very evil GCR 1963, 514 was meant to avoid,[3] was the result.

---

[3] The Authors' Comments of Messrs. Honigman and Hawkins in 2 Michigan Court Rules Annotated (2d ed), p 503, relating to GCR 1963, 514 provide:

"The practice of general verdicts with special questions, as a matter of right, involved some difficulties which, apparently, the new rules sought to obviate. The most serious difficulty was that of possible discrepancy between the general verdict and the answers to special questions, which would necessitate a new trial. Rule 514 reflects an apparent assumption that the advantages of special questions can be

GCR 1963, 514 provides:

"The court may require the jury to return a special verdict in the form of a special written finding upon each issue of fact *and in such cases no general verdict shall be returned.* If a special verdict is to be required, the court shall, in advance of argument and in the absence of the jury, advise counsel of this fact and on the record or in writing settle the form of the verdict. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict." (Emphasis supplied.)

The condemnee contends that the jury should be instructed to find a date of taking and apply a value within the range of testimony in evidence for *only that date found.* The city contends that the range of *all* testimony of value should be used regardless of the date found by the jury. Both are impossible. GCR 514 authorizes either a special verdict or a general verdict— *not* both.

If a verdict as to *value* is brought in then it must stand alone. It cannot be mixed with special

___

preserved, without the hazards of inconsistency with a general verdict, by using special verdicts. See the opinion of Justice Talbot Smith in *Sahr v Bierd* (1958), 354 Mich 353; 92 NW2d 467."

questions such as the date of taking. Under proper instruction the jury can compute a final monetary figure, including interest to the date of trial, and render only a general verdict. If, as here, value is limited to uncontradicted evidence, then special questions submitted in accordance with GCR 514 procedures can be utilized in lieu of a general verdict as to value.

We turn now to resolution of the present controversy. By past practice where there was a conflict between special questions and a general verdict the general verdict had to yield.[4] This is consistent with the present provisions of GCR 1963, 514 which dictate that where an issue is omitted and the court does not make a finding that the issue is "deemed to have [been] made * * * in accord with the judgment on the special verdict". GCR 1963, 514.

The special verdict here was for the prior date of taking. The only value in evidence was $18,200. To this must be added net expenses and interest legally allowable. See *Cassese, supra.* The net expenses were $3,687.38.

The general verdict is set aside and the case is remanded for entry of a judgment for plaintiff consistent with this opinion and the special verdict of the jury. We do not retain jurisdiction.

Remanded.

All concurred.

---

[4] *See: Hormel Estate v Harris,* 348 Mich 201, 205; 82 NW2d 450, 453 (1957).