STATE EX REL. Monte C. Cox, Plaintiff-Appellant,

v.

State of Wisconsin, DEPARTMENT OF HEALTH & SOCIAL SERVICES, Defendant-Respondent.

Court of Appeals

*No. 80–2363. Submitted on briefs September 8, 1981.—*
*Decided October 27, 1981.*
(Also reported in 314 N.W.2d 148.)

For the appellant the cause was submitted on the briefs of *Trygve J. Inderberg* of Neillsville.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Jonathan P. Siner,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Monte Cox appeals from an order denying his petition for a writ of certiorari seeking review of the Department of Health and Social Services' decision revoking his probation.[1]  He claims that the Department did not have jurisdiction to revoke his probation and that the evidence for revocation was insufficient. Because we conclude that the Department had jurisdiction to revoke Cox's probation and that there was sufficient evidence presented at the revocation hearing to support the revocation, we affirm.

On May 3, 1979, Cox was convicted of intentionally delivering a controlled substance and sentenced to an indeterminate term of imprisonment not to exceed two

---

[1] The appropriate procedure in this case would have been to issue a writ of certiorari and following review to deny relief by a final judgment. It does not appear from the record on appeal that a writ was issued.  The circuit court order was, however, purportedly entered following a review of the record and a consideration of the merits of Cox's claimed bases for relief. The order does not give any explanation for denying the writ or other relief, and the order was not accompanied by a memorandum decision.  To give Cox a review, we construe the order as a final, appealable judgment. *See Fredrick v. City of Janesville,* 92 Wis. 2d 685, 285 N.W.2d 655 (1979).

years. The court stayed Cox's sentence and placed him on probation for one year with the condition that he refrain from the use of or contact with drugs. On April 29, 1980, the Department issued a probation violation warrant alleging that Cox had participated in the possession, use, distribution, and sale of illegal drugs, contrary to the conditions of his probation.[2] Cox was taken into custody on May 2, 1980, and, after a final revocation hearing held a few weeks later, the Department ordered that his probation be revoked.

Our review of the Department's revocation decision is limited to whether the Department kept within its jurisdiction and acted according to law; whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and whether the evidence was such that the Department might reasonably make the order or determination in question. *State ex rel. Foshey v. Wisconsin Department of Health & Social Services,* 102 Wis. 2d 505, 513, 307 N.W.2d 315, 318 (Ct. App. 1981).

## JURISDICTIONAL ISSUES

We conclude that the issuance of a warrant during the probationary term tolls the running of the term.[3] This conclusion is consistent with federal cases that hold that warrants issued during probation periods preserve revocation jurisdiction even if they are not actually executed until after the expiration of such periods. *See United*

---

[2] The warrant is not in the record forwarded to this court. These facts are taken from the transcript of the revocation hearing held June 19, 1980.

[3] Because of this conclusion, we do not have to determine whether Cox's probation ended on May 1, 1980, or, as the Department argues, May 2, 1980. We also do not decide whether Cox's probation was tolled from the date Cox violated the terms of his probation.

*States v. Cox,* 475 F.2d 837, 839 (9th Cir. 1973) ; *Toomey v. Young,* 442 F. Supp. 387, 389 (D. Conn. 1977). Our conclusion is also consistent with the legislative intent expressed in statutes of limitations applicable to criminal prosecutions, which are tolled with the issuance of a warrant or summons. Section 939.74(1), Stats. To hold that the statute of limitation is tolled only at the time an offender is taken into custody would allow an offender to evade all sanctions simply by evading apprehension. To require custody to toll the probation period would effectively deprive the Department of any control over a probationer during the last months of the probationary term. *Cf. State ex rel. Avery v. Percy,* 99 Wis. 2d 459, 463, 299 N.W.2d 886, 889 (Ct. App. 1980) (concept applied to revocation hearing held after parole period expired).

We also conclude that the warrant was not defective even though it was issued without a written request. Cox cites no authority holding that probation violation warrants are invalid if they are not based on a written request. The cases that have addressed this issue instead hold that administrative warrants, unlike judicial warrants, need not be supported by affidavits establishing probable cause. *See United States ex rel. Randazzo v. Follette,* 418 F.2d 1319, 1322 (2d Cir. 1969) ; *Davenport v. State,* 568 P.2d 939, 947 (Alaska 1977) ; *People ex rel. Jefferson v. Brantley,* 44 Ill. 2d 31, 253 N.E.2d 378, 380 (1969). This result is consistent with the recognition that the liberty interests of probationers, who are in the constructive custody of the Department, differ from the interests of those who stand accused of a crime. *See State ex rel. Flowers v. Department of Health & Social Services,* 81 Wis. 2d 376, 385–86, 260 N.W.2d 727, 733 (1978).

In response to Cox's final jurisdictional argument, we conclude that the revocation proceedings were not defective because they were instituted prior to the filing of criminal charges for the same incidents upon which revocation proceedings were based. As recognized in *Flowers,* probation may be revoked for conduct that in itself does not violate the criminal law. *Flowers,* 81 Wis. 2d at 385, 260 N.W.2d at 733. Cox's acts in violation of the conditions of his probation were sufficient grounds for the initiation of revocation proceedings. There are sound reasons for not delaying revocation proceedings until criminal charges have been filed. *See* 65 Op. Att'y Gen. 20 (1976).

## EVIDENTIARY ISSUES

During the final revocation hearing, Cox's probation agent, Sonja Bjork, testified as to the procedures she followed in initiating revocation proceedings. Bjork also called and examined witnesses to Cox's rule violations. Cox contends that because Bjork assumed the role of a witness and an advocate, her testimony should be accorded little weight. Cox also contends that the witnesses to the rule violations were, as a matter of law, incompetent to testify, and that their testimony, when considered along with Bjork's, provided no basis upon which the Department could reach a reasoned decision.

In considering whether there was sufficient evidence for the Department's decision, this court is not empowered to weigh the evidence and conduct a *de novo* review. Instead, we are limited to ascertaining whether substantial evidence exists in support of the Department's decision. So long as the Department acts upon a rational basis and the action represents its judgment and not its will, the agency's decision must be upheld. *Van Ermen*

*v. Department of Health & Social Services,* 84 Wis. 2d 57, 64–65, 267 N.W.2d 17, 20–21 (1978).

We conclude that there is substantial evidence in the record to support the Department's decision. Bjork's testimony consisted only of a summary of the procedures she followed in instituting revocation proceedings. Her testimony had no relevance to the issue to be decided at the hearing; that is, whether Cox violated the rules of his probation. Because Bjork's testimony was irrelevant to that issue, it may be fairly assumed that the Department relied on the testimony of other witnesses in reaching its decision.[4]

Cox next argues that the witnesses against him were incompetent to testify because they admitted to having one "hit" of marijuana approximately three hours before the revocation hearing. Cox also argues that the witnesses were incompetent because they had been promised immunity from prosecution and had received money for the expenses they incurred while participating in the Marshfield Police Department's investigation of Cox's involvement with drugs.

We conclude that the witnesses were competent to testify and that the Department could properly rely on their testimony. In addressing the issue of their competency as it relates to their usage of marijuana, the hearing examiner was in a better position than this court to assess the competency of witnesses. The hearing examiner's decision should therefore not be reversed unless it is "clearly and manifestly wrong." *See State*

---

[4] In addition to other deficiencies in the record, we have also not been favored with any written or oral decision of the Department, and, consequently, we do not know the actual basis for the revocation decision. The appeal record is the appellant's responsibility.

*v. Schweider*, 5 Wis. 2d 627, 630, 94 N.W.2d 154, 157 (1958).

In *Schweider*, the court stated that competency has two aspects: "(1) The mental capacity to understand the nature of the questions and to form and communicate intelligent answers thereto; (2) the moral responsibility to speak the truth, which is the essence and obligation of an oath." *Id.* Cox points to no discrepancies in the witnesses' testimony that reflect their inability to meet the two requirements of competency set forth in *Schweider*. Our review of their testimony indicates that they were able to understand and respond to the questions asked of them and that they recognized their duty to speak the truth. Their admitted use of marijuana therefore goes only to their credibility, which was a matter for the hearing examiner to consider. *See United States v. Harris*, 542 F.2d 1283, 1303 (7th Cir. 1976); *State v. Ballesteros*, 100 Ariz. 262, 413 P.2d 739, 741–42 (1966).

We also find no support for Cox's argument that the witnesses' grant of immunity and receipt of money for expenses related to the police department's investigation rendered them incompetent to testify. These factors concern the witnesses' credibility, not competency. *See State ex rel. Kowaleski v. Kubiak*, 256 Wis. 2d 518, 521, 41 N.W.2d 605, 607 (1950); *cf. Tobar v. State*, 32 Wis. 2d 398, 404–05, 145 N.W.2d 782, 785 (1966) (witnesses' ulterior motives in testifying against defendant go to credibility, not competency). Credibility is for the fact finder.[5]

*By the Court.*—Order affirmed.

---

[5] Because we deny relief based on our independent review of the materials presented to us on appeal, we need not consider whether the trial court lacked jurisdiction over the Department because it was not properly served, or whether the Department has waived its right to object to Cox's failure to serve them with a writ or the petition. We also do not decide whether this appeal is moot because Cox has reached his mandatory release date on the sentence for which probation was revoked.