RAMAKER, Appellant, v. STATE, Respondent.

*No. 75–271–CR. Argued June 3, 1976.—Decided July 12, 1976.*
(Also reported in 243 N. W. 2d 534.)

For the appellant there were briefs by *Howard B. Eisenberg*, state public defender, and *Robert J. Paul*, assistant state public defender, and oral argument by *Mr. Paul*.

For the respondent the cause was argued by *David J. Becker*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

DAY, J. This is an appeal from two orders of the Sheboygan county court entered on March 13 and April 15, 1975. The first order quashed and dismissed Arnold S. Ramaker's writ of certiorari, by which he sought to challenge his probation revocation by the Department of Health and Social Services (DHSS). The second order denied a motion for rehearing. On this appeal Mr. Ramaker claims that the Department abused its discretion and committed constitutional errors in revoking his probation. We conclude that the Department properly exercised its discretion, and committed no prejudicial errors. The orders appealed from are affirmed.

In November of 1973 the appellant, Arnold Ramaker, was convicted of the crime of taking indecent liberties with a female child. As required by sec. 975.01 of the Sex Crimes Law, he was committed to DHSS for a presentence examination. DHSS recommended specialized treatment for Ramaker's mental aberrations, the court held a hearing on the issue of his need for specialized treatment. On April 5, 1974, the court found that Mr. Ramaker was in need of specialized treatment, committed him to DHSS, stayed execution of the commitment, and placed him on probation, on the condition that he receive outpatient treatment as prescribed by his psychiatrist. Richard Gagnon, Mr. Ramaker's probation agent, added the further condition that he not associate with minor children.

There was a delay of more than three months in establishing the treatment program for Mr. Ramaker, due to confusion as to where the treatment was to be given and how it was to be paid for.

On July 27, before he had had any treatment, Mr. Ramaker was arrested because he had been following in his car and photographing a thirteen-year-old girl, as she rode her bicycle. Because the girl had observed him doing this before, she told her parents, who called the police. The film in his camera contained pictures of other young girls, and he admitted that he had been driving around Sheboygan, taking pictures of young girls, for two weeks. The July 27th incident was the subject of a county court conviction for disorderly conduct, subsequently reversed in circuit court.

After Mr. Ramaker's arrest, Mr. Gagnon went to Mr. Ramaker's room and found there a metal box which contained pornographic pictures.

On August 15, DHSS issued a probation-violation warrant for Mr. Ramaker, citing the following probation violations:

"He admits that for a two week period he drove around the city of Sheboygan taking photographs of various juvenile females, the most recent incident being on 7-27-74 when he followed a 13 year old female and took a picture of her; he had in his possession (in his room) photographs of a sexual nature.

"Confinement is necessary to protect the public and to provide treatment for his deviant sexually motivated activity."

The same violations were cited in the notice of hearing sent to Mr. Ramaker on September 17. After a hearing the hearing examiner found that, because Mr. Ramaker did not receive treatment, it was unreasonable to expect him to comply with the special condition that he not associate with minor children. The hearing examiner found that Mr. Ramaker had not violated any reasonable

probation condition, and recommended that his probation not be revoked. The secretary of DHSS disagreed, and ordered Mr. Ramaker's probation revoked on the ground that the July 27 incident was a violation of the reasonable condition that he not associate with minor children. Upon review by certiorari the county court determined that the secretary had not abused his discretion in revoking probation. Mr. Ramaker appeals from this determination of the county court.

Three issues are raised on this appeal:

(1) Did DHSS abuse its discretion in revoking Mr. Ramaker's probation for following and photographing a young girl, before Mr. Ramaker had begun to receive treatment for his sexual deviancy?

(2) Was it prejudicial error for DHSS, without notifying Mr. Ramaker, to consider a staff memo containing facts and photographs not entered into evidence at the revocation hearing?

(3) Did the secretary, when he disagreed with the hearing examiner, fail to submit the required statement as to the evidence relied on and reasons for revoking parole?

*I. Abuse of discretion.*

A probation condition that a person convicted of taking indecent liberties with a child ·not associate with minor children is a reasonable condition. It is also evident that the actions of Mr. Ramaker, in following and photographing young girls from his car for a period of two weeks, constituted direct violations of this condition. The word "association" implies a loose relationship, and, when the defendant repeatedly came into contact with young girls under these suspicious circumstances, he violated the conditions of his probation. Moreover, this violation greatly increased the risk that he would commit another crime involving sexual abuse of children.

There was thus a compelling factual basis for the conclusion that the protection of the public alone required that this defendant be confined. Because the fact of violation was established, and because there was a reasonable basis for the prediction that the defendant was likely to commit further antisocial acts, DHSS properly exercised its discretion in revoking Mr. Ramaker's probation. *State ex rel. Plotkin v. H&SS Department* (1974), 63 Wis. 2d 535, 217 N. W. 2d 641.

The delay in initiating a treatment program for Mr. Ramaker does not transform this revocation decision into an abuse of discretion. First of all, a reasonable inference from the evidence in the record is that Mr. Ramaker would not have responded well to outpatient treatment, even if it had been offered earlier. Judith Stielow, administrator of the Sheboygan County Mental Health Center, testified that, when she saw Mr. Ramaker on May 5, he suggested that he did not need treatment at the Center, from which she concluded that "he lacked some basic understanding, and certainly some motivation for coming to the Mental Health Center." Within a very short time after he did begin treatment in August, 1974, Eric Bonnet-Brunnich, psychiatric social worker at the Center, reached the same conclusion, stating in an August 19 letter to Judge BUCHEN that Mr. Ramaker's "motivation for an out patient treatment program is highly questionable" and that, "if given a choice, he indicates that he would not be here of his own volition." Mr. Bonnet-Brunnich testified that Mr. Ramaker should receive inpatient rather than outpatient treatment. Mr. Ramaker's failure to respond to outpatient treatment affords a reasonable basis for the department to conclude that his rehabilitation could not successfully be accomplished outside of a confined environment. *State ex rel. Plotkin v. H&SS Department, supra,* at p. 544.

The second reason is that, in cases involving the sexual abuse of children, the Department has a responsibility to protect the public from further criminal activity by the offender. This responsibility exists irrespective of whether the authorities have acted as speedily as possible to provide the sexual deviate with treatment. Mr. Ramaker's admitted course of conduct in July of 1974 greatly increased the risk that he would again commit a similar crime.

The defendant's reliance upon *Sweeney v. United States* (7th Cir. 1965), 353 Fed. 2d 10, to support his position is misplaced. *Sweeney* is not, as Mr. Ramaker claims, a right to treatment case. *Sweeney* held that, irrespective of the question of treatment, a condition that an alcoholic probationer refrain from the use of alcohol was unreasonable because it was impossible, if expert testimony established that the probationer suffered from the disease of alcoholism. The inference from *Sweeney* is that, even if the probationer is being treated, it would still be unreasonable to deprive him of his liberty for drinking, unless and until he regains the capacity to refrain from drink. It should be noted that this holding has been rejected by subsequent cases. *Upchurch v. State* (1971), 289 Minn. 520, 184 N. W. 2d 607; *Sobota v. Williard* (1967), 247 Or. 151, 427 Pac. 2d 758. A violation of a general condition that a criminal defendant refrain from drinking ordinarily is not fraught with the risk to society which arises when a person convicted of taking indecent liberties with a child violates a special condition that he not associate with minor children.

## II. *Ex parte reception of evidence.*

After the hearing examiner recommended continuation of probation, Lloyd Lind, a field supervisor with the bureau of probation and parole, met with agent

Gagnon. On October 15, 1974, they sent a memo to R. J. Capener, a regional bureau chief, voicing their objections to the hearing examiner's recommendation. On October 16 this memo was forwarded to the hearing examiner's office by Delmar Huebner, the director of the bureau. It was thereafter brought to the attention of the secretary of the department. Neither Mr. Ramaker nor his counsel were informed of the existence of this memo.

The state attempts to characterize the memo as a permissible objection to the proposed findings and recommendations. But it clearly goes beyond appropriate commentary on the evidence received and the findings made. In regard to the contents of Mr. Ramaker's metal box, the memo presents in lurid detail adjudicative facts which were not introduced into evidence at the hearing. None of these facts were testified to by Mr. Gagnon at the hearing. In addition, the memo states as follows:

". . . We now feel that the secretary of the Department should have some of this material available to him at this time should he decide to review it. Some of the pictures referred to above are in the attached envelope."

None of these pictures which apparently reached the secretary were ever admitted as evidence at the hearing.

Reception of these facts and exhibits, with no notice to or opportunity to respond by Mr. Ramaker, was clear constitutional error. *Morrissey v. Brewer* (1972), 408 U. S. 471, 489, 92 Sup. Ct. 2593, 33 L. Ed. 2d 484, made applicable to probation revocation proceedings by *Gagnon v. Scarpelli* (1973), 411 U. S. 778, 93 Sup. Ct. 1756, 36 L. Ed. 2d 656, requires "disclosure to the [probationer] of evidence against him," "opportunity to be heard," and "the right to confront and cross-examine adverse witnesses." All of these "minimum requirements of due process" were violated by the confidential reception of these facts and photos adverse to Mr. Ramaker.

However, Mr. Ramaker cannot raise this error as a matter of right here, because he failed to raise it below, even though the departmental memo was part of the record before the lower court. Nevertheless, this court may consider this constitutional issue for the first time on appeal, because it is in the interest of justice to do so and because there are no unresolved factual issues. *State v. Clarke* (1970), 49 Wis. 2d 161, 174, 181 N. W. 2d 355; *Bradley v. State* (1967), 36 Wis. 2d 345, 359, 153 N. W. 2d 38, 155 N. W. 2d 564.

In considering this issue on the merits, we conclude that this constitutional error was harmless. The facts and exhibits which were unconstitutionally received related solely to the contents of the box found in Mr. Ramaker's room. But both the hearing examiner and the secretary based their decisions upon the July 27 incident of following and photographing a young girl, and not upon the contents of the box. The departmental revocation order, which is the subject of judicial review, refers only to the July 27 incident as the basis for revocation, and does not mention the contents of the box. In short, the error is harmless because this court can independently conclude that there is sufficient evidence, other than and uninfluenced by the unconstitutionally received evidence, which would warrant the revocation of Mr. Ramaker's probation. *Wold v. State* (1973), 57 Wis. 2d 344, 356, 204 N. W. 2d 482.

### III. Adequacy of secretary's statement.

Mr. Ramaker's counsel claims that, when the secretary disagreed with the hearing examiner, he did not adequately set forth the evidence which he relied on and the reasons which he had for revoking probation.

Cases relied upon by Mr. Ramaker are inapplicable to probation revocation proceedings, since they relate only to proceedings under ch. 227 and ch. 102, Stats.

*Appleton v. ILHR Department* (1975), 67 Wis. 2d 162, 226 N. W. 2d 497; *Transamerica Ins. Co. v. ILHR Department* (1972), 54 Wis. 2d 272, 195 N. W. 2d 656.

However, as Mr. Ramaker points out, *Morrissey v. Brewer, supra,* at p. 489, also requires a written statement by the Department as to the evidence relied on and reasons for revoking parole. When the secretary revokes probation, in disagreement with his hearing examiner, he must provide a statement of the evidence which he relied upon and the reasons he has for revoking probation.

Contrary to Mr. Ramaker's claim, this requirement was met by the secretary. In a memo accompanying the revocation order the secretary stated as follows:

"[The July 27 incident], cited by the Bureau in its allegations, could reasonably be seen as a violation of the special condition relating to 'associating with minors.' In addition, the court order requiring outpatient care at the Sheboygan County Mental Health Center (See p. 4 of synopsis) is not considered feasible by the Center staff (see pp. 4 and 6).
"Supervision and enforcement of the conditions of probation are impossible in light of the above and a court review is considered to be essential."

While the secretary's memo is brief, it does refer to the evidence relied on and to the reasons for revoking Mr. Ramaker's probation. Mr. Ramaker's right to due process was thus not violated. However, effective judicial review of probation revocation, where the secretary disagrees with the hearing examiner, would be facilitated by a more detailed explanation of the grounds of disagreement.

*By the Court.*—The orders of March 13, 1975, and April 15, 1975, are affirmed.