STATE EX REL. LEWIS, Petitioner, V. DEPARTMENT OF HEALTH & SOCIAL SERVICES, Respondent.

Court of Appeals

*No. 78–205. Argued January 17, 1979.—Decided March 7, 1979.*
(Also reported in 278 N.W.2d 232.)

For the petitioner there were briefs and oral argument by *James C. Reiher* of *Perry & First,* Milwaukee.

For the respondent there were briefs and oral argument by *Phillip A. Turner,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

Before Decker, C.J., Cannon, P.J., and Robert W. Hansen, Reserve Judge.

CANNON, P.J.   The petitioner, Harold L. Lewis, appeals from an order of the Milwaukee county circuit court, which denied a petition for a writ of certiorari to review a decision by the Secretary of the Department of Health and Social Services to revoke the petitioner's

parole. We reverse, remand to the circuit court with directions contained herein.

On April 15, 1970, the petitioner was convicted of armed robbery and sentenced to 30 years in prison. He was paroled on November 21, 1974. On May 25, 1977, the petitioner was arrested by federal authorities and charged with conspiracy to transport falsely made securities, and interstate transportation of falsely made securities.

At that time, Rick Zeger was the petitioner's parole agent. James Pawlak was Zeger's supervisor. While petitioner's attorney, James Reiher, was conducting plea negotiations with the office of the United States Attorney, he was also in contact with Agent Pawlak. At the petitioner's parole revocation hearing, Attorney Reiher testified that before the petitioner entered a plea of no contest to the federal charge, Reiher was advised by Pawlak that should the petitioner have his plea accepted in the federal court and be sentenced to five years or less in a federal institution, Pawlak "would not recommend revocation of [the petitioner's] parole."[1] The federal court subsequently accepted the petitioner's plea and sentenced him to five years incarceration.

On September 26, 1977, the petitioner was arrested at the request of the Department, due to the federal conviction. On October 3, 1977, Pawlak informed Attorney Reiher that he had changed his position regarding the petitioner due to an "inflexible policy" of the Department regarding repeat felony offenders, and that he therefore was forced to initiate revocation proceedings.

On November 21, 1977, the revocation hearing was held pursuant to sec. 57.06(3), Stats. The Department of Health and Social Services was represented by Agent

---

[1] Petitioner claims that he relied on Pawlak's representation in changing his plea from not guilty to no contest, and also in requesting the federal court to sentence him to three and one-half years in prison on the federal charge.

Zeger. At the hearings, Attorney Reiher testified regarding his agreement with Agent Pawlak. Testimony regarding the agreement was uncontradicted.[2]

The hearing examiner recommended the petitioner's parole be revoked. He based this recommendation upon certain findings of fact, one of which provided:

> The parolee contends that a unit supervisor represented to the parolee's attorney that the parolee's parole would not be revoked if the parolee received a Federal sentence of three to five years and that based on such representation, the parolee entered his no contest plea to the federal charges. No firsthand testimony or otherwise reasonably reliable evidence was offered to establish the alleged representations by the unit supervisor. Moreover, the federal plea bargain makes no mention that such bargain was induced by, or based on, any representations by the unit supervisor or any official act of the Bureau upon which the parolee may have been entitled to rely.

On February 21, 1978, the recommendation was accepted by the Secretary of the Department, who revoked the parole and ordered the petitioner to return to prison to continue serving his sentence. The petitioner then petitioned the circuit court of Milwaukee county to review the revocation order. The petition was denied.

The petitioner contends in his brief that the alleged agreement between Attorney Reiher and Agent Pawlak in effect bound the Secretary to not revoke the petitioner's parole. We disagree. The Secretary has sole authority to revoke an individual's parole after a hearing authorized under sec. 57.06(3), Stats. His authority should not and cannot be bound by an agent's representations. The defendant cites *Santobello v. New York*,

---

[2] No direct contradictory evidence was introduced regarding Reiher's testimony, since Pawlak did not testify at the proceedings. Agent Zeger stated that the petitioner did not tell him that the plea bargain was influenced by the alleged agreement.

404 U.S. 257 (1971) for the proposition that the Department should be bound by Agent Pawlak's alleged representation. However, we find *Santobello* offers only superficial support for the petitioner's position. In *Santobello*, a prosecutor agreed to permit a defendant to plead guilty to a lesser included offense than that with which he was charged. The prosecutor agreed to make no sentence recommendation. Pursuant to that agreement, the defendant pleaded guilty to the lesser included offense, but a new prosecutor who had taken over the case breached the agreement by recommending the maximum sentence to the trial judge.

In vacating the trial court's judgment, the Supreme Court stated: "The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining', is an essential component of the administration of justice." *Santobello, supra* at 260. The Court, in the "interests of justice and appropriate recognition of the duties of the prosecutor in relation to promises made in the negotiation of pleas of guilty," remanded the case to the trial court due to the breach, affording the defendant the option of either having his previous agreement specifically performed or withdrawing his guilty plea.

*Santobello* is not controlling in the instant matter. In *Santobello* the Court was concerned with the breach of an accepted plea bargain by the prosecutor. The judiciary's interest in protecting plea bargains is quite different from the interest involved in the instant matter. While we certainly cannot condone a parole agent breaching agreements made with parolees, we find no authority or benefit in forcing the Secretary to be bound by the parole agent's representations.[3] In any case *Santobello*

---

[3] It is not clear that the no contest plea was, in fact, the result of Agent Pawlak's alleged representation. During the federal proceeding, the petitioner gave the following rationale for his guilty plea:

does not demand such a result in the instant matter. We refuse to so bind the Secretary.

■■■

The Secretary is required to use proper discretion in determining whether to revoke parole. A discretionary decision by a person in the Secretary's capacity "must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards." *McCleary v. State,* 49 Wis.2d 263, 277, 182 N.W.2d 512 (1971). To a certain degree the Secretary must rely on the findings of fact and conclusions of law of the hearing examiner. In this case, the finding of the hearing examiner that "no firsthand testimony or otherwise reasonably reliable evidence was offered to establish the alleged representation by the unit supervisor," is against the great weight and clear preponderance of the evidence produced at the revocation hearing. Attorney Reiher, a direct participant in the alleged agreement, testified in detail that such arrangement had been agreed upon. This testimony was not contradicted. Therefore, the hearing examiner's finding of fact in this regard is incorrect, and his recommendation based upon an incorrect finding is questionable. From the record before us, it is unclear whether either the Secretary or the circuit court disallowed this particular finding in reaching their conclusions. In the interest of justice the court finds it necessary to remand this case for further proceedings.

"In the past few years, I have developed certain relationships with some of the other defendants in this case. I feel very strongly toward some of these persons and how this Indictment has affected them as well as myself and my family. As a result, I have plead [sic] no-contest to Count One in the Indictment and face the consequences of a five (5) year prison sentence and potential parole revocation. As a result of my plea, Cynthia Puhl, Daniel Herzog, Catherine Herzog and Theresa Scholz will not have criminal records arising out of this Indictment. I do hope they can take advantage of this opportunity to better themselves."

In summary, we are not holding that the Secretary is bound to honor any agreement between a parole agent and a parolee or his counsel; in fact, we hold the Secretary is not so bound. However, the existence of the agreement should be a factor considered by the Secretary in his determination of whether the petitioner's parole should be revoked. For this reason we remand the case to the Secretary for further proceeding.

Therefore, we vacate the order of the circuit court denying the writ of certiorari and remand the case to the circuit court with directions for the circuit court to vacate the revocation order of the Secretary, and then remand the proceedings to the Secretary. We further direct the Secretary, in his discretion, to either order a new revocation hearing for the petitioner or, without ordering such a hearing, reconsider the revocation order in light of this opinion.

*By the Court.*—Order vacated and cause remanded with directions.