STATE EX REL. Donald FOSHEY, Petitioner-Respondent,

v.

WISCONSIN DEPARTMENT OF HEALTH & SOCIAL SERVICES, Donald Percy, et al., Respondents-Petitioners. [Case No. 80–1385.]

STATE of Wisconsin EX REL. Donald FOSHEY, Petitioner-Respondent,

v.

The State of WISCONSIN DEPARTMENT OF HEALTH & SOCIAL SERVICES, Donald Percy, Director of the Department of Health & Social Services, David Braithwaite, Hearing Examiner, Arlene Kopsche, for the Department of Health & Social Services and James Pawlak, Unit Supervisor, Bureau of Community Corrections, Respondents-Appellants.† [Case No. 80–1722.]

Court of Appeals

*Nos. 80–1385, 80–1722. Submitted on briefs April 15, 1981.— Decided May 18, 1981.*
(Also reported in 307 N.W.2d 315.)

† Petition to review denied.

For the respondents-appellants the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

For the petitioner-respondent the cause was submitted on the brief of *Alan D. Eisenberg, S.C.,* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Cannon, J.

CANNON, J. The Department of Health and Social Services (DH&SS) appeals separately from two orders of the circuit court entered in the probation revocation proceedings against Donald Foshey (Foshey).[1] DH&SS

---

[1] These appeals were consolidated on the motion of DH&SS.

challenges the nonfinal order[2] releasing Foshey pending the determination of a writ of certiorari before the circuit court. DH&SS also challenges the propriety of the order of the circuit court reversing the DH&SS secretary's designate's revocation of probation, and the power of the circuit court on certiorari review to order the unconditional release of Foshey and the reinstatement of probation.

Foshey was convicted of burglary and was sentenced to three years in prison. Execution of the sentence was stayed and Foshey was placed on probation. Among the conditions of probation imposed by the trial court, Foshey was not to associate with the members of the Milwaukee Outlaws and was not to "purchase, possess, own or carry any firearms" without advance approval of Foshey's probation agent.

Foshey's probation agent, Arlene Kopshe, permitted Foshey to live at the Milwaukee Outlaw clubhouse. During the execution of a search warrant at the clubhouse on March 8, 1980, eight firearms were found in Foshey's bedroom. Seven of the guns were loaded, and they included pistols, a sawed-off shotgun and a semi-automatic rifle. Following this discovery probation revocation proceedings were commenced on March 17, 1980.

Probable cause for revocation was found at the preliminary revocation hearing. A final hearing was held June 12, 1980. Testimony was presented by: two police officers; Kopshe (Foshey's probationary agent); James Pawlak (the probationary supervisor); Katherine Foshey (Foshey's former girlfriend and present wife); Donald Foshey; and Robert Vehring (a friend of Katherine and Donald Foshey). Although probation revocation was recommended by supervisor Pawlak, Foshey's agent opposed revocation, finding Foshey to have been cooperative and the violation to have been only a technical one.

[2] Leave to appeal was granted September 5, 1980.

The Fosheys and Vehring denied Foshey's possession of the firearms and asserted that the guns had been given to Vehring for sale.

The hearing examiner found that Foshey was in possession of seven loaded firearms and that this violated the conditions of probation. However, the examiner decided that revocation was inappropriate as insufficient evidence was presented by the Bureau of Community Corrections to establish that it had exercised its duty to consider the feasibility and availability of alternatives to revocation.

The hearing examiner's order was reviewed by the executive assistant to the secretary of DH&SS (secretary's designate). He reversed, finding the record evidenced a discussion and disagreement between the agent and her supervisor regarding alternatives to revocation.

A writ of certiorari was filed with the circuit court seeking review of the department's order revoking probation. Pending the return of the writ, the court ordered that sentence be stayed and that Foshey be released without bail. The circuit court found a violation of the conditions of probation, but agreed with the hearing examiner that insufficient consideration had been given to alternatives to revocation. The circuit court further determined that the secretary's designate had acted arbitrarily and capriciously in substituting his opinion for that of the hearing examiner. The order of the secretary's designate revoking probation was reversed, and Foshey was ordered released and probation reinstated.

Three contentions are made on appeal:

1. the circuit court exceeded its authority in ordering the stay of execution of sentence and the release of Foshey without bail pending disposition of the writ of certiorari;
2. the circuit court erred in ordering reversal of the order of the secretary's designate ordering probation revocation; and

3. the circuit court exceeded its authority, on certiorari review of an administrative order, in ordering the unconditional release of the probationer and the reinstatement of probation.

We agree with the first two contentions of DH&SS. In view of our determination on the second contention, we need not consider DH&SS's final contention.[3]

### RELEASE OF PROBATIONER PENDING DISPOSITION OF THE WRIT OF CERTIORARI

[1]
The question of the stay of sentence and Foshey's release without bail pending disposition of the writ of certiorari before the circuit court is technically moot. However, because of its significance and the likelihood of its recurrence we feel compelled to address it. *State ex rel. DH&SS v. Circuit Court,* 84 Wis.2d 707, 710, 267 N.W.2d 373, 374 (1978) ; *State ex rel. Shock v. DH&SS,* 77 Wis.2d 362, 366, 253 N.W.2d 55, 57 (1977).

DH&SS contends that the trial court exceeded its authority in releasing Foshey pending determination of the writ of certiorari. We agree.

In the absence of statutory authority, courts are without inherent authority to stay execution of a criminal sentence, unless the stay is granted for the limited purpose of affording relief against the judgment and sentence itself. *Donaldson v. State,* 93 Wis.2d 306, 310, 286 N.W.2d 817, 819 (1980) ; *Drinkwater v. State,* 69 Wis.2d 60, 66, 230 N.W.2d 126, 128 (1975). No such statutory authority[4] is provided nor does a certiorari proceeding

---

[3] *Van Ermen v. DH&SS,* 84 Wis.2d 57, 68, 267 N.W.2d 17, 22 (1978).

[4] *Compare* secs. 969.01 (2) ; 809.52; 808.07 (2) ; 227.17, Stats.

on probation revocation seek relief from a judgment and a sentence. *See Drinkwater, id.*

DH&SS specifically contends that the stay and the release of Foshey without bail is contrary to the dictates of *State ex rel. Shock v. DH&SS, supra,* and *State ex rel. DH&SS v. Circuit Court, supra.* We agree.

In *State ex rel. Shock v. DH&SS,* and *State ex rel. DH&SS v. Circuit Court, supra,* our supreme court rejected the availability of release of the probationer with bail pending revocation proceedings before DH&SS or review before the circuit court, respectively. The court in *State ex rel. Shock v. DH&SS, supra,* at 366–67, 253 N.W.2d at 57, reasoned that the presumption of innocence underlying the concept of bail simply was inapplicable in the case of a probationer. The court further determined the issue to be one for legislative rather than judicial action. *Id.* at 367, n. 2, 253 N.W.2d at 57, n. 2. No legislative action has been taken authorizing release of probationers' pending revocation proceedings, with or without bail. In the absence of such action, we defer to the dictates of our supreme court. We, accordingly, vacate the August 1, 1980 order of the circuit court staying sentence and releasing the probationer.

## TRIAL COURT'S REVERSAL OF SECRETARY'S DESIGNATE'S ORDER REVOKING PROBATION

Our review of the circuit court's reversal of the secretary's designate's order revoking probation entails a two-part analysis. We look, first, to the scope of the secretary's designate's authority to review the action of the hearing examiner, and second, to the propriety of the secretary's designate's conclusion ordering revocation.

The circuit court misconstrued the scope of intra-agency review within DH&SS. The circuit court, in its oral

decision, found that the secretary's designate, in reversing the hearing examiner's decision against revocation, acted arbitrarily and capriciously in substituting his opinion for that of the hearing examiner. In doing so, the circuit court apparently was of the opinion that the designate had preempted the role of the examiner who had a better opportunity to assess the testimony presented before him. This limited conception of the reviewing power of the department secretary is clearly in error.

Where the supreme court and the circuit court have been called upon to review by way of certiorari a DH&SS decision on revocation, whether it is that of the secretary or his designate or that of the hearing examiner, the same standard of review has been applied:

(1) Whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question. *Shock, supra*, at 367, 253 N.W.2d at 57.

This review entails evaluation of the secretary's action in light of the American Bar Association Standards Relating to Probation[5] adopted in *State ex rel. Plotkin v.*

[5] These standards provide:

5.1 Grounds For And Alternatives To Probation Revocation.

(a) Violation of a condition is both a necessary and a sufficient ground for the revocation of probation. Revocation followed by imprisonment should not be the disposition, however, unless the court finds on the basis of the original offense and the intervening conduct of the offender that:

(i) confinement is necessary to protect the public from further criminal activity by the offender; or

(ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or

(iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

*DH&SS,* 63 Wis.2d 535, 544–45, 217 N.W.2d 641, 645–46 (1974).

In *State ex rel. Plotkin v. DH&SS, id., Ramaker v. State,* 73 Wis.2d 563, 243 N.W.2d 534 (1976), *State ex rel. Shock v. DH&SS, supra,* and *State ex rel. Lewis v. DH&SS,* 89 Wis.2d 220, 278 N.W.2d 232 (Ct. App. 1979), the supreme court reviewed the refusal by the DH&SS secretary to follow the hearing examiner's recommendations not to revoke. In each case, the supreme court applied one standard: that of a circuit court performing a certiorari review of an agency determination. No limitations, as suggested by the circuit court here, were placed upon the secretary's power to reverse the determinations of the hearing examiner, should the secretary conclude the determinations misperceive the facts or the application of the law to those facts.

In *State ex rel. Plotkin, supra,* the supreme court observed that the secretary had before him, as the secretary's designate does here, the entire record, the examiner's synopsis of the testimony and the examiner's recommendation. The presence of these materials assured the court that the secretary was apprised of the relevant facts to properly exercise his discretion in consonance with the principles governing revocation procedures.

(b) It would be appropriate for standards to be formulated as a guide to probation departments and courts in processing the violation of conditions. In any event, the following intermediate steps should be considered in every case as possible alternatives to revocation:

(i) a review of the conditions, followed by changes where necessary or desirable;

(ii) a formal or informal conference with the probationer to re-emphasize the necessity of compliance with the conditions;

(iii) a formal or informal warning that further violations could result in revocation. ABA Project on Standards for Criminal Justice, *Standards Relating to Probation,* (Approved Draft, 1970).

The court found no abuse and affirmed the revocation. *Id.* at 547, 217 N.W.2d at 647.

In *Ramaker, supra,* the secretary's decision to reverse the hearing examiner and to order revocation was again tested against the abuse of discretion standard. In defining the scope of the secretary's authority, the supreme court objected to the consideration of facts and exhibits to which the probationer had no opportunity to respond. *Id.* at 569, 243 N.W.2d at 538.[6] The court further required, in light of *Morrissey v. Brewer,* 408 U.S. 471, 489 (1972), a statement by the secretary, where he revokes probation contrary to the hearing examiner's recommendation, "of the evidence which he relied upon and the reasons he has for revoking probation." *Ramaker, supra,* at 571, 243 N.W.2d at 538.[7]

In *State ex rel. Shock, supra,* the secretary held, contrary to the hearing examiner, that failure to revoke "would depreciate the seriousness of the violation." *Id.* at 365, 253 N.W.2d at 56. The court, in affirming the secretary, carefully distinguished between the original function to be performed by the department and the

---

[6] The consideration of additional materials was, however, deemed harmless error. *Ramaker, supra,* at 570, 243 N.W.2d at 538.

[7] The memo accompanying the secretary's revocation order stated:

[The July 27 incident], cited by the Bureau in its allegations, could reasonably be seen as a violation of the special condition relating to "associating with minors." In addition, the court order requiring outpatient care at the Sheboygan County Mental Health Center (See p. 4 of synopsis) is not considered feasible by the Center staff (see pp. 4 and 6).

Supervision and enforcement of the conditions of probation are impossible in light of the above and a court review is considered to be essential.

Although criticized for its brevity and lack of detail, the memo was deemed a sufficient explanation of the secretary's actions. *Id.* at 571, 243 N.W.2d at 538-39.

limited reviewing function to be performed by the circuit court and the appellate court. *Id.* at 369, 253 N.W.2d at 58.

In *State ex rel. Lewis v. DH&SS, supra,* we addressed the scope of review of the secretary or one acting in his capacity:

The Secretary is required to use proper discretion in determining whether to revoke parole. A discretionary decision by a person in the Secretary's capacity "must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards." *Id.* at 225, 278 N.W.2d at 234 (quoting *McCleary v. State,* 49 Wis.2d 263, 277, 182 N.W.2d 512, 519 (1971)).

We acknowledged that "[t]o a certain degree the Secretary must rely on the findings of fact and conclusions of law of the hearing examiner." *State ex rel. Lewis, id.* However, where a finding is contrary to the evidence presented at the hearing, the secretary is not bound by the examiner's findings and conclusions. *Id.*

These cases demonstrate that the secretary or his designate may perform a de novo review of the evidence presented before the hearing examiner.[8] It is not until

---

[8] This broad conferral of reviewing authority within the agency conforms with the procedures of other agencies, *Hamilton v. DILHR,* 94 Wis.2d 611, 621–22, 288 N.W.2d 857, 861–62 (1980), and with the procedures set forth in sec. 3.02(5)(b)(10) and (11) of the Wisconsin Division of Corrections, Bureau of Community Corrections, Manual of Practices and Procedures (October 1, 1979), which provides:

(10) Hearing Examiner's Responsibilities

Orders revoking probation, parole, and juvenile aftercare, forfeiture of street time, crediting of jail time served, and orders for re-instatement on supervision shall be executed by the Hearing Examiner at the conclusion of the final revocation hearing.

the department revocation decision is appealed to the circuit court that the power to review the evidence is

Following the hearing, the Hearing Examiner shall make and enter a written decision and order within ten days thereafter. Such decision or order may be made orally and entered into the hearing record at the conclusion of the hearing, and in such event shall be transcribed and mailed to all parties within ten days thereafter. Such decision and order shall be effective on the date of oral entry into the hearing record or the date of mailing of a written decision and order, whichever is sooner. The decision and order of the Hearing Examiner shall also set forth the Findings of Fact and Conclusions upon ultimate issues of fact or law. The Conclusions shall set forth any reasons therefor which are not readily deducible from the Findings of Fact or which are additional to such reasons. Any final or interlocutory decision or order of an Examiner, when accompanied by certified copy of the underlying judgment of conviction, shall be sufficient to authorize any warden or superintendent of an institution or any keeper of a county jail or house of correction to receive, confine, or to release, the respondent named in such order in accord with the provisions of such order. Such decision and order shall be the final decision and order of the Department, unless, within 15 days and after the date of mailing the written decision and order, a petition for review of such order is served upon the Examiner's office. A copy of such petition shall be served upon the Secretary of the Department. A copy of the petition for review shall be served by the party requesting review on the opposing party or his counsel and the Director of the Bureau of Community Corrections.

Upon due service of a petition for review, the Examiner prepares a synopsis of the testimony which is made a part of the file record in the proceedings. The Examiner mails a copy of the synopsis to all parties, or their counsel, and forwards a copy to the Secretary or his designate within ten days after the petition for review is served. Any party to the proceeding may mail or deliver to the Examiner for filing as part of the file record written objections to the Synopsis of Testimony, Findings, or Conclusions, and Order within 15 days after the date the Synopsis of Testimony was mailed by the Examiner's Unit. A copy of the objections shall at the same time be mailed or delivered to all opposing parties or their counsel. If the submission and mailing of copies of such objections does not comply with these provisions, said objections can be

circumscribed by the standards governing certiorari enunciated above.

We, accordingly, determine that the secretary's designate was empowered to substitute his opinion for that of the hearing examiner. We turn next to the determination of whether in doing so he acted arbitrarily and capriciously.

On certiorari, the reviewing court is not empowered to weigh the evidence and conduct a de novo review. It is limited to ascertaining whether substantial evidence exists supporting the department's determination. So long

---

stricken from the record upon motion of the Examiner or any party to the proceedings.

(11) Secretary's Review

The Secretary, or his designate reviews the file record submitted by the Examiner, and enters an Administrative Review Decision within ten days or as soon as possible thereafter. The Secretary, or his designate either affirms, reverses, or modifies the Examiners [sic] order, or may set the same aside and remand to the Examiner for further proceedings. The Secretary's Administrative Review Decision sets forth ultimate conclusions upon the issues and states reasons therefor, and if the Administrative Review Decision reverses or modifies the Examiner's Order, sets forth Findings of Fact and Conclusions which are at variance with or in addition to those made by the Examiner, stating the evidence relied on and reasons therefor. The Secretary delivers his decision to the Examiner who causes copies thereof to be forthwith mailed or delivered to all parties in interest, or their counsel. If the Secretary's Administrative Review Decision sets aside and remands the decision to the Examiner for further proceedings, the Examiner schedules any additional hearings or taking of evidence or testimony required thereby as soon as reasonably [sic] possible, and upon the conclusions of such further proceedings, makes and enters a new decision and Order in the matter consistent with the remand of the Secretary. Such new Order is subject to review in the same manner as the Examiner's original order.

as the agency acts upon a rational basis and the action represents its judgment and not its will, the agency may not be deemed to have acted arbitrarily and capriciously. In making this determination, we are to ascertain whether the department has properly exercised its discretion. *Van Ermen v. DH&SS, supra* note 3, at 64–65, 267 N.W. 2d at 20–21.[9]

The hearing examiner found that Foshey was in possession of loaded firearms and that such possession violated the conditions of probation. However, the examiner determined that insufficient proof had been presented on the consideration of alternatives to revocation as required by *Van Ermen, id.* This failure when considered with defendant's cooperative attitude demonstrated to the hearing examiner that Foshey's probation should be continued.

The secretary's designate, in reviewing the hearing examiner's recommendation, found that sufficient consideration had been given to alternatives to revocation. In making this determination, he had before him the entire record, a synopsis of the hearing transcript, together with an objection by one of the witnesses and the examiner's recommendation. The designate found that the testimony of Foshey's agent and the supervisor evidenced a discussion of the alternatives of moving out of Milwaukee and not associating with the Outlaws. The designate found that this testimony fell within the parameters of *Van Ermen.*

*Van Ermen* imposes upon the department the duty to at least exercise its discretion in considering the feasibility and the availability of alternatives to revocation. This duty is not satisfied by merely giving reasons in favor

---

[9] Although *Van Ermen, supra*, specifically addresses the subject of parole revocation, these principles apply equally well to probation revocation.

of revocation. *Van Ermen, supra* note 3, at 67, 267 N.W. 2d at 21–22. Where the record fails to disclose formal consideration of these alternatives, the reviewing court may examine the record *ab initio*. In *Van Ermen* the record disclosed that conversations had taken place between the agent and the supervisor. These conversations included consideration of factors mitigating in favor of and against revocation. The supreme court determined that the nature of the factors mitigating against revocation was such that the department could conclude that revocation was necessary to treat the parolee's individual problems and to protect society. *Id.* at 68, 267 N.W.2d at 22.

We concur with the secretary's designate's determination. The record, here, demonstrates that in the discussion with the supervisor, the agent offered Foshey's cooperation and general compliance with the conditions of his probation in support of continued probation. The record further demonstrates that Foshey was found in possession of loaded firearms, including a semi-automatic rifle and a sawed-off shotgun. The possession of these items could warrant a conclusion that this constituted a clear danger to society justifying revocation and that failure to do so would depreciate the seriousness of the violation.

Although a more extensive record of the department's action would have been desirable, we determine that the present record and the inferences which arise therefrom provide a rational basis for the secretary's conclusion that Foshey's probation should be revoked. We, accordingly, reverse the order of the circuit court.

*By the Court.*—Appeal No. 80–1385: order vacated. Appeal No. 80–1722: order reversed and remanded with directions to reinstate the order of the department.