LINDA REIVITZ, Secretary Department of Health and Social Services
You have asked several questions presented by the situation in which a child who has been placed on probation by a court of criminal jurisdiction, following waiver of juvenile jurisdiction, commits an act which violates the conditions of probation.
1. You have asked, first of all, whether the Department of Health and Social Services (Department) has exclusive authority to take the child into custody for the violation of probation or other reasons. I have concluded that the Department does have exclusive authority to take the child into custody for the probation violation, but that, when unlawful conduct which violates the conditions of probation constitutes a delinquent act as well, the child may also be taken into custody by a law enforcement officer and held by a juvenile court intake worker under the authority delegated by the Children's Code. The Department has exclusive authority, however, to release the child from the probation hold.
Once the juvenile court properly waives its jurisdiction in a particular case, the criminal court has exclusive jurisdiction over all further proceedings in that case. Sec. 48.18(6), Stats. The juvenile court no longer has any authority to act in the matter. See id.
When the criminal court imposes probation as a disposition, the child is placed in the custody of the Department, under the Department's control. Sec. 973.10(1), Stats. The Department then has exclusive statutory authority to take the child into custody for a violation of probation. Sec. 973.10(3), Stats. See alsoState ex rel. Cox v. DH SS, 105 Wis.2d 378, 381, 314 N.W.2d 148
(Ct.App. 1981) *Page 105 
(approving Department's issuance of administrative warrant to apprehend probation violator).
But just as a subsequent unlawful act committed by an adult may be both a violation of probation and a crime, State ex rel. Lyonsv. DH SS, 105 Wis.2d 146, 150-51, 312 N.W.2d 868 (Ct.App. 1981), a subsequent unlawful act committed by a child may be both a violation of probation and a delinquent act. Compare id. with sec. 48.02(3m), Stats. Since a waiver of juvenile jurisdiction is limited to a particular offense, Gibson v. State, 47 Wis.2d 810,817, 177 N.W.2d 912 (1970), the juvenile court has jurisdiction over the child with respect to the new delinquent act. Sec. 48.12, Stats. A law enforcement officer has authority to take the child into custody, therefore, and a juvenile court intake worker has authority to hold the child in custody as a delinquent. Ch. 48, subch. IV, Stats.
The person taking the child into custody and the intake worker have authority to release a child from the detention initiated because he committed a delinquent act. Sec. 48.20(2) and (7)(c), Stats. These persons do not have authority, however, to release a child from the detention initiated because he violated the conditions of his probation, even though the same conduct constitutes both the delinquent act and the probation violation.
When an adult commits a criminal act which also constitutes a violation of probation, the criminal court has authority to set bail on the criminal charge, but no authority to release the person from a probation hold placed by the Department. State exrel. Foshey v. DH SS, 102 Wis.2d 505, 512, 307 N.W.2d 315 (Ct. App. 1981); State ex rel. DH SS v. Circuit Court, 84 Wis.2d 707,267 N.W.2d 373 (1978); State ex rel. Shock v. DH SS,77 Wis.2d 362, 366-67, 253 N.W.2d 55 (1977). Since the probationer has lost any presumption of innocence with respect to the criminal conviction for which probation has been imposed, provisions for discretionary release pending proceedings to revoke probation are purely a legislative matter. Foshey at 512. Although habeas corpus is available to test the lawfulness of a detention, sec.782.01, Stats., no legislation presently gives criminal courts discretion to release a detained probationer. Foshey at 512. Even when a court orders an offender's release on the criminal charge, therefore, the offender will remain in custody unless the Department also releases the probation hold. State ex rel. DH SSv. Circuit Court. *Page 106 
The same rationale applies with increased vigor to juvenile courts, whose jurisdiction is defined and limited by the statutes. See generally Matter of D.V., 100 Wis.2d 363, 366,302 N.W.2d 64 (Ct.App. 1981). Nothing in the Children's Code or other statutes presently authorizes the juvenile court or its attendants or employes to release a child from detention initiated by the Department for a violation of probation. Read reasonably, the Children's Code provides for release from custody only in those situations in which the child is taken into custody in accord with the authority granted by the Children's Code. See
sec. 48.20(1), Stats. And the Children's Code grants no authority to take a child into custody because he has violated the conditions of probation imposed by a court of criminal jurisdiction. See sec. 48.19(1), Stats. To the contrary, as noted earlier, the Children's Code divests the juvenile court of jurisdiction over all future proceedings relating to a particular case once it has determined that jurisdiction should be waived. Sec. 48.18(6), Stats.
Even when juvenile authorities order a child's release in connection with delinquency proceedings, therefore, the child will remain in custody unless the Department also releases the probation hold.
2. Your second question is whether a child who is taken into custody for violating the conditions of probation must be brought before a juvenile court intake worker. I have concluded that such an appearance is not necessary if the child is not also detained as a delinquent.
The Children's Code requires an intake worker to interview "any child who is taken into physical custody and not released" so that a determination can be made whether to release the child or hold him in secure detention. Sec. 48.067(2), Stats. Because a juvenile court intake worker has no authority either to detain a child for a violation of probation or to release a child from a probation hold, this requirement does not apply when the child is held solely on a probation hold. It applies only when the child is held concurrently as a delinquent, and then only in connection with that reason for detention.
3. You have asked, finally, whether a child who is taken into custody for violating the conditions of probation can be held in the adult section of the county jail. I have concluded that he can be held in those quarters when he is detained on a probation hold. *Page 107 
As soon as juvenile jurisdiction is waived, a child who is held in custody must be transferred to an adult facility. Sec. 48.18(8), Stats. It follows from this requirement that any future confinement resulting from the offense on which jurisdiction has been waived must be in an adult facility.
This requirement overrides the provisions of the Children's Code which prohibit a child from being held in the adult section of the jail. Secs. 48.209(1)(b) and (3), Stats. The purpose of these provisions obviously is to prevent children who are merely delinquent from mixing with criminals. But where juvenile jurisdiction has been waived, the child is treated as a criminal. Thus, there is no basis to prevent the child from being transferred to an adult facility.
BCL:TJB