STATE of Wisconsin EX REL. Alejandro
RODRIGUEZ, Petitioner-Respondent,

v.

DEPARTMENT OF HEALTH & SOCIAL
SERVICES, Respondent-Appellant.

Court of Appeals

*No. 85-1976. Submitted on briefs June 6, 1986.—Decided
July 9, 1986.*

(Also reported in 393 N.W.2d 105.)

For the respondent-appellant, the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general and *Christopher G. Wren,* assistant attorney general.

For the petitioner-respondent, the cause was submitted on the briefs of *Ellen Pearlman,* assistant state public defender.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. This is an appeal from a circuit court's certiorari review of a probation revocation decision. The circuit court granted Alejandro Rodriguez's petition, holding that the Department of Health and Social Services had no jurisdiction to revoke because:

(1) the agent erroneously informed Rodriguez that he had been released from probation, and (2) Rodriguez never signed any rules of probation so as to violate them.

We reverse because when Rodriguez was initially sentenced, the trial court decreed that the probation be served consecutive to the prison sentence. It transferred custody to the department, which custody cannot be abrogated absent a written discharge certificate. There never was a written discharge. We also observe that even though Rodriguez never signed a probation agreement, he violated a state criminal statute. We hold that probation can be revoked for this reason even absent a written probation agreement.

Rodriguez was convicted of child abuse and battery on April 22, 1981. He was sentenced to four years in prison concurrent with an unrelated sentence. Additionally, the court imposed two years of probation consecutive to the prison term. The court then stayed the prison sentence. Rodriguez served the time on the unrelated charge, after which he was to begin his two years on probation. Pursuant to the court's order, the probation would have begun on April 6, 1985, the date he completed his parole time in the unrelated case.

In March of 1985, probation and parole agent Philip Trimmel told Rodriguez that he would be discharged from supervision on April 6, 1985. The agent was unaware of the court-ordered probation term due to commence on expiration of the previous sentence.

On April 30, 1985, Rodriguez went to the apartment of Alice Gonzales, struck her with his hand and kicked her several times. She sustained a black eye and a cut over her left eye. She was hospitalized and seven sutures were required to close the cut.

On May 20, 1985, agent Trimmel discovered his mistake. He contacted Rodriguez on May 21, informed Rodriguez that he was still on probation and ordered Rodriguez to report to the parole and probation office that afternoon. He failed to report as directed. Trimmel then sent Rodriguez a certified letter directing Rodriguez to report to the office on May 28. Rodriguez did not report as directed.

On May 30, 1985, in violation of the rules of probation, Rodriguez gave a false name to a police officer.

The department commenced revocation proceedings, alleging, *inter alia*, that Rodriguez committed a battery upon Alice Gonzales, failed to report when directed and gave an incorrect name to police officers. Rodriguez's attorney argued during the hearing that at the time of the alleged violations Rodriguez had already been discharged from supervision. Also, because Rodriguez did not know that he was under supervision after April 6, 1985, the attorney concluded that it would be unfair to require him to follow the rules of supervision after that date.

The hearing examiner ruled that the sentencing court clearly explained to Rodriguez the sentence structure. The court told Rodriguez, "You are going to serve a four-year sentence at the Wisconsin State Prison in Green Bay. When you are released, in addition you will serve a two-year probationary period." The examiner therefore found that Rodriguez knew he was on probation supervision beginning April 6, 1985.

The examiner also determined that Rodriguez was aware of his responsibilities on supervision from his previous supervision on parole and that he was not relieved of these responsibilities merely because the

agent was unaware of the commencement of the probation term.

On September 5, 1985, the trial court granted Rodriguez's petition for certiorari and reversed the revocation. The trial court concluded that, although erroneous, the probation agent's oral statement to Rodriguez released Rodriguez from probation effective April 6, 1985 and deprived the department of jurisdiction over Rodriguez until May 20, 1985, when the agent discovered the error and informed Rodriguez he was still on probation. Consequently, the court decided that the secretary could not revoke Rodriguez based on conduct occurring between April 6 and May 20, 1985. Thus, under the trial court's decision, the secretary could revoke Rodriguez for not giving a correct name and for not reporting as ordered, but not for assaulting Alice Gonzales.

█

We disagree with the trial court's analysis. The judgment of conviction unambiguously decreed that probation be served consecutive to the prison sentences. Rodriguez was therefore turned over to the custody of the department for purposes of serving *both* the prison sentence and the probationary term.

Once custody is transferred to the department, discharge from probation or parole under the release of the department occurs only "upon the issuance of a discharge certificate by the secretary [of DH&SS] at the expiration of the term noted on the court order." Wis. Adm. Code, sec. HSS 328.17(2). Because no discharge certificate was produced for the child abuse and battery conviction, the department still had jurisdiction even given the agent's erroneous statement.

This is especially so in this instance since Rodriguez knew that the sentencing court had ordered his continuation on probation immediately upon the expiration of parole. The examiner so found based on substantial evidence and we may not weigh the evidence differently. *See, e.g., State ex rel. Foshey v. DHSS*, 102 Wis.2d 505, 518-19, 307 N.W.2d 315, 321 (Ct. App. 1981).

Rodriguez also argued, and the trial court agreed, that because he did not sign a probation agreement when his probation began, the department could not revoke him for violating the terms of the agreement.

Again we disagree. While a probation agreement may be tailored to meet the needs of a specific individual and while violation of an unsigned agreement of this nature may not result in revocation, a different situation arises here. Section 973.10(1), Stats., places a probationer under the control of the department "under conditions set by the court and rules and regulations established by the department." Thus, even without a written agreement, Rodriguez still had to abide, as a matter of law, with departmental regulations prohibiting "conduct which is in violation of state statute." Wis. Adm. Code, sec. HSS 328.04(3)(a). Rodriguez's assaultive conduct obviously violated this regulation.

We also agree with the state that Rodriguez's assaultive conduct might justify revocation simply on the basis that some conditions are so essential that they automatically inhere in the concept of probation. *Cf. Wagner v. State*, 89 Wis.2d 70, 77, 277 N.W.2d 849, 852 (1979). A petitioner cannot seriously contend that a probationer can violate the criminal laws of this state without affecting his or her probationary status, even without signing a probation agreement. The purpose of

probation is to rehabilitate the person and help the person lead a law-abiding life. By further violating the criminal statutes, the probationer violates the whole concept of probation.

Rodriguez also claims that the department failed to consider alternatives to revocation as required under *State ex rel. Plotkin v. DHSS*, 63 Wis.2d 535, 544–45, 217 N.W.2d 641, 645–46 (1974). We have reviewed the revocation decision and are not convinced that *Plotkin* has been violated. The examiner concluded that alternatives to probation would not work and had not worked and that probation would unduly deprecate the seriousness of Rodriguez's misconduct.

*By the Court.*—Order reversed and cause remanded to the trial court with directions that it reinstate the secretary's revocation decision.