MARK JANIUK, Corporation Counsel, Racine County
You have asked for my opinion as to the authority of circuit courts, under the jurisdiction conferred by section 48.17, Stats., to sentence a juvenile sixteen years of age or older to a county jail for a violation of a traffic statute. As a corollary question, you inquire whether juveniles sentenced by a circuit court for a traffic violation can be placed in the adult section of the county jail or whether they must be held in segregated facilities?
Section 48.12 (1) grants exclusive jurisdiction to the juvenile courts of any child over twelve years of age who is alleged to be delinquent, "except as provided in ss. 48.17 and 48.18. . . ." Section 48.17 grants circuit courts exclusive jurisdiction in proceedings against juveniles sixteen years of age or older for violations of enumerated traffic statutes. Section 48.18 establishes a procedure which allows juveniles to be waived from the juvenile court to the exclusive jurisdiction of the circuit court for criminal prosecution.
Your question is directed to section 48.17 (1) which provides:
 TRAFFIC VIOLATIONS. Except for ss. 342.06 (2) and 344.48 (1), and s. 346.67 when death or injury occurs, courts of criminal and civil jurisdiction shall have exclusive jurisdiction in proceedings against children 16 or older for violations of ss. 30.50 to 30.80, of chs. 341 to 351, and of traffic regulations as defined in s. 345.20 and nonmoving traffic violations as defined in s. 345.28 (1). A child *Page 95 
convicted of a traffic or boating offense in a court of criminal or civil jurisdiction shall be treated as an adult for sentencing purposes except that the court may disregard any minimum period of incarceration specified for the offense.
You point out in your letter that a traffic offender may be imprisoned for a period of not more than six months for a second violation of driving after revocation or suspension of a driver's license, sections 343.345 and 343.44. In addition, a circuit court has authority under section 345.47 to imprison a traffic offender who has failed to pay a forfeiture for a period not to exceed ninety days. The clear and unambiguous language of section 48.17 (1) would make juveniles age sixteen years or older subject to these penalty provisions. See State v. Lossman, 118 Wis.2d 526,535, 348 N.W.2d 159 (1984).
Section 48.209 of the Children's Code establishes detailed criteria which must be met before a child may be held in a county jail. This section also provides that a child must be "held in a room separated and removed from incarcerated adults." Sec.48.209 (1)(b), Stats. You ask whether these provisions of the Children's Code limit a circuit court's authority to sentence a juvenile offender to a county jail for a traffic violation under the grant of exclusive jurisdiction conferred by section 48.17 (1)? My answer is no.
Section 48.209 is part of subchapter IV of the Children's Code which defines procedures and criteria for holding a child in custody. Section 48.205 (1) states that a "child may be held under s. 48.207, 48.208 or 48.209" if there is "probable cause to believe the child is within the jurisdiction of the court. . . ." The court referred to in this statute is the juvenile court. Sec. 48.02 (2m), Stats. The jurisdiction of juvenile courts is defined and limited by statute. See In Matter of D.V., 100 Wis.2d 363, 366,302 N.W.2d 64 (Ct.App. 1981). The exclusive jurisdiction granted to circuit courts to adjudicate enumerated traffic cases involving juveniles sixteen years of age or older is not limited by section *Page 96 48.209 or any other provision of the Children's Code which defines or limits the exercise of authority by juvenile courts.
Your letter also, at least inferentially, raises the issue of whether the placement of juveniles in a county jail for traffic violations as authorized in section 48.17 (1) is consistent with the legislative intent expressed in section 48.01 (2). This section provides that the "best interests of the child shall always be of paramount consideration" but not to the exclusion of the "interests of the public."
The legislative purpose in the enactment of section 48.17 (1) was considered by the Wisconsin Supreme Court in State v. Hart,89 Wis.2d 58, 277 N.W.2d 843 (1979). The appellant argued inHart that section 48.17 unconstitutionally denied juveniles equal protection of the law. The appellant argued that the legislative classification distinguishing between children over sixteen who are accused of Motor Vehicle Code offenses and those who are accused of other crimes was arbitrary and unreasonable. The appellant also argued that the legislative classification was contrary to the purposes of the Children's Code.
The supreme court initially observed that there was no relevant legislative history which explained the legislative purpose in divesting juvenile courts of jurisdiction of proceedings against children sixteen years of age or older for violations of the Motor Vehicle Code. Id., 89 Wis.2d at 66. The supreme court, however, was obliged to construct, if possible, a rationale to sustain the legislative determination. The supreme court stated that the Children's Code was, in part, to be construed with the "interests of the public" in mind, section 48.01 (2), and that the Legislature could reasonably conclude that the interests of the public, including youthful drivers, was best served by granting exclusive jurisdiction of enumerated traffic offenses to the circuit courts. Id., 89 Wis.2d at 69. The legislative purpose in the enactment of section 48.17 was explained by the supreme court as follows: *Page 97 
 We further know that a substantial number of children over sixteen drive and cause a significant number of accidents involving death, personal injury and property damage. The legislature might reasonably believe that by requiring criminal court jurisdiction over sixteen and seventeen-year-olds charged with violations of the Motor Vehicle Code, it would make enforcement of the Code uniform and more effective and thereby decrease danger on the highways. As Hart notes, criminal court jurisdiction carries with it publicity and the possibility of a criminal record and a criminal sanction. We conclude that the legislature might reasonably believe that mandatory criminal court jurisdiction, rather than juvenile court jurisdiction, over Motor Vehicle Code offenses by sixteen and seventeen-year-olds is more likely to deter children from Code violations.
Id., 89 Wis.2d at 68 (footnote omitted).
The conclusion reached in this opinion is confirmed by an earlier attorney general's opinion concerning the placement of juveniles in county jails. 72 Op. Att'y Gen. 104 (1983). In the earlier opinion, the Department of Health and Social Services asked whether a juvenile probation violator, following the waiver of juvenile jurisdiction and a criminal adjudication, could be held in the adult section of a county jail? Id. at 106. The opinion correctly noted that, as soon as juvenile jurisdiction is waived, a child who is held in custody must be transferred to an adult facility. Sec. 48.18 (8), Stats. Moreover, the provisions of section48.209(1)(b), which prohibit a child from being held in the adult section of the county jail, are not applicable to children waived to an adult court. Section 48.209 (3) expressly provides: "The restrictions of this section do not apply to the use of jail for a child waived to adult court." The waiver of juvenile jurisdiction means that the child is to be treated as a criminal offender and there is no impediment to the child's placement in an unsegregated adult facility. Id. at 107. *Page 98 
The rationale applied in the earlier opinion to the use of a county jail for juveniles waived from juvenile court to adult court, section 48.18, applies with equal logic to juveniles convicted of traffic violations under the grant of exclusive jurisdiction to circuit courts, section 48.17. In both cases, the juvenile court is divested of jurisdiction by the express terms of the statute. Sec. 48.12 (1), Stats. See In Matter of D.V.,100 Wis.2d at 366. The provisions of the Children's Code do not define or limit the authority exercised by the circuit court.
In conclusion, the restrictions imposed by the Children's Code on the use of county jail for juveniles, section 48.209, do not apply to adjudications made by the circuit court under section 48.17 (1). Juveniles sixteen years of age or older convicted of a traffic offense enumerated in section 48.17 (1) may be placed in an unsegregated portion of a county jail in those cases where a penalty of imprisonment is authorized by the substantive traffic statute.
I would add, parenthetically, that this opinion simply concludes that section 48.209 of the Children's Code does not place a legal obligation on the county to segregate juveniles placed in jail following an adjudication authorized under section 48.17 (1). The segregation of juvenile offenders would, however, be consistent with the objectives of the Children's Code and would, in my view, constitute reasonable management of jail facilities.
DJH:MRK *Page 99